[No. 10240.  Department Two.  September 13, 1912.]

CHARLES H. WAGNER *et al., Appellants,* v. NORTHERN LIFE INSURANCE COMPANY, *Respondent.*[1]

JUDGMENT—VACATION — SECOND JUDGMENT.  After entry of final judgment in a cause, the court is without power to enter another, until the first is regularly cancelled or set aside; and the first judgment is not vacated by a second judgment making no mention of the first.

JUDGMENT—STAY—MOTION NON OBSTANTE VEREDICTO.  A motion for judgment *non obstante veredicto* does not operate as a stay preventing the entry of a judgment, when it was not treated or considered as a motion for a new trial.

APPEAL — DECISION — REVIEW — JUDGMENT NOT APPEALED FROM. Rem. & Bal. Code, § 1737, providing that the supreme court may affirm, reverse, or modify the judgment appealed from, or direct the proper judgment to be entered, does not authorize the court, upon appeal from a judgment which was void because of a prior final judgment in the cause, to review or modify the first judgment which was not appealed from.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered September 27, 1911, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in an action to cancel promissory notes. Reversed.

*F. A. McMaster,* for appellants.

*Robertson & Miller* and *T. J. Corkery,* for respondent.

ELLIS, J.—The plaintiffs brought this action for the cancellation and surrender of three promissory notes aggregating the sum of $1,373.30, jointly executed by them in payment of premium for three life insurance policies written by the defendant, one upon the life of each of the plaintiffs; and also for the cancellation and surrender of three other promissory notes, jointly executed by them to the defendant, aggre-

[1]Reported in 126 Pac. 434.

gating the sum of $1,820, which were known as reserve notes and were required by the defendant under policies of the kind taken out by the plaintiffs. The complaint demanded judgment for the amount of all of these notes, with interest, in case they could not be surrendered. As ground of action, the complaint alleged that the plaintiffs were induced to take out the insurance by the fraud and misrepresentations of the agents of the defendant through whom the insurance was written. The answer admitted the execution of the notes by the plaintiffs, denied the alleged matters of fraud and misrepresentation, and alleged that the agents had no authority to make any representations other than those contained in the written applications for the policies, and alleged that the premium notes had been cashed by the agents, their commissions deducted, and that the balance was sent to the defendant company.

The cause was tried to a jury. At the close of the plaintiffs' case, and again when all of the evidence was in, the defendant moved for a directed verdict. Both of these motions were overruled. On May 3, 1911, the jury returned a verdict for the plaintiffs in the sum of $1,503.75. On May 4, 1911, a form of judgment was served upon the attorneys for the defendant, and on May 5, 1911, judgment upon the verdict in favor of the plaintiffs was signed by the court, and was filed and entered of record at 9:35 o'clock a. m. of that day. At 4:30 o'clock p. m. of the same day, the defendant filed a motion for a judgment in its favor notwithstanding the verdict, and moved in the alternative that, if that motion should be denied, a new trial be granted, the motion setting up all of the statutory grounds for a new trial.

The court overruled the motion for a new trial, took the other motion under advisement till September 9, and on September 27, 1911, granted the defendant a judgment notwithstanding the verdict, dismissing the action and taxing the costs to the plaintiffs. That judgment did not vacate, set aside nor make any mention of the prior judgment which

had been entered upon the verdict of the jury on May 5, 1911, nor is there anything in the record to show that the prior judgment was ever vacated. There is nothing in the last judgment to show that the court considered the evidence and found it insufficient to sustain the prior judgment and that it should be vacated for that or any other reason. The plaintiffs have appealed from the judgment which was entered on September 27, 1911.

The judgment appealed from must be reversed. The first judgment was a valid judgment. The court had jurisdiction to enter it, and did sign and enter it with all the formality required by law and after notice to the adverse party. It is not claimed that the first judgment was void for any reason. The second judgment did not expressly vacate it nor even mention it. Having been a valid judgment when entered, we must hold that it is still a valid and subsisting judgment, unless we are ready to hold that the solemn judgment of a court, regularly entered with all the formalities of law, may be vacated by implication. We have never so held, nor are we cited to any authority so holding. To so hold would run counter to the cardinal rule that every judgment regularly entered by a court of competent jurisdiction, the parties being regularly before the court, is binding upon the parties until reversed on appeal or vacated in some manner provided by law. The mere entry of a second judgment does not vacate a prior judgment in the same action.

"It has been held that the entry of a second judgment, in the same action, is not a vacation of the first judgment, if there is nothing further to show that such former judgment was regularly cancelled or set aside. 'When a judgment is once entered of record, it must stand as the judgment until it is vacated, modified, or disposed of by some means provided by law; entering additional judgment entries is not one of them.' " 1 Black, Judgments (2d ed.), § 304.

"There can be only one final judgment in any action; and therefore, when such a judgment has once been entered, no second or different judgment can be rendered between the

same parties and in the same suit, until the first shall have been vacated and set aside or reversed on appeal or error." 23 Cyc. 772.

In every instance which has been called to our notice in which the question has been before this court and in whatever form presented, we have held, in the absence of matter of estoppel against the party claiming under it to assert the validity or finality of the first judgment, that the entry of a second judgment in the same action is not a vacation of the first judgment if there is nothing further in the record to show that the first judgment has been regularly cancelled or vacated.

In *Buffalo Pitts Co. v. Dearing*, 37 Wash. 591, 79 Pac. 1104, which was an equitable action, the court took an advisory verdict of a jury, based its findings thereon, and entered judgment for the defendant. The plaintiff filed a motion in the form, and reciting the grounds, of a motion for a new trial. The court, as in this case, without vacating or mentioning its former judgment, made new findings and entered a new judgment in favor of the plaintiff. The defendant appealed from the last judgment. This court said:

"The judgment appealed from must be reversed. After the court had entered one final judgment in the cause, it was without power to enter another one, so long as the first stood on the record as a valid and binding judgment. It is not pretended that the first judgment was void. The court seems to have thought that the entry of the second judgment operated, of itself, as a vacation of the first, although not mentioned in the second judgment. But it could not have that effect. When a judgment, not void on its face, is once entered, it must stand as the judgment in the cause until it is vacated, modified, reversed, or disposed of by some means provided by law; and the entry of a subsequent judgment in the same cause is not a method provided by law for disposing of an original judgment.

"The subsequent judgment was void when entered, and the appellants are entitled to have the same reversed, vacated and held for naught."

This language makes it too plain for argument that we cannot sustain the judgment here appealed from without overruling the decision quoted. Any effort to distinguish the principles involved in the two cases will demonstrate their identity.

In *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264, the clerk, as required by statute (Rem. & Bal. Code, § 431), entered a judgment in favor of the plaintiff upon the verdict of the jury on the same day of its return. Two weeks later defendant's motion for a new trial was overruled. Still a month later, at the instance of the defendant and pursuant to notice given to the plaintiff, a second and formal judgment was signed by the court and filed with the clerk. Notice of appeal was given orally by the defendant in open court at that time. The plaintiff moved to dismiss the appeal on the ground that the notice of appeal was not given at the time the judgment in the action was "rendered or made" as required by statute (Rem. & Bal. Code, § 1719). This court held that the first judgment was the real judgment in the case and became the final and effective judgment when the motion for new trial was denied, and that the notice of appeal, not having been given in open court at that time, was not effective.

In *Wooddy v. Seattle Elec. Co.*, 65 Wash. 539, 118 Pac. 633, the statutory judgment was entered on March 14, 1910, plaintiff's motion for a new trial was denied on March 19, 1910. A formal judgment was signed by the trial judge on December 17, 1910, and was filed on March 14, 1911, on which date a notice of appeal was given. The court held that the first judgment was the final judgment and that the notice of appeal was too late. While these cases do not present a state of facts such as here presented, they are inconsistent with the view that a valid judgment is impliedly vacated by the entry of a second judgment in the same action.

The decisions in *Herzog v. Palatine Ins. Co.*, 36 Wash. 611, 79 Pac. 287; *Jemo v. Tourist Hotel Co.*, 55 Wash. 595,

104 Pac. 820, 30 L. R. A. (N. S.) 926, and *State v. Johnson*, 69 Wash. 612, 126 Pac. 56, do not militate against the views here expressed. In each of these cases the second judgment was entered at the instance of the successful party, and he was, therefore, held estopped to deny that it vacated the first judgment and that it was the judgment of the court for all purposes. These decisions rest in estoppel. The case before us is devoid of any such element.

The respondent contends that the motion for judgment notwithstanding the verdict operated as a stay, and when granted vacated the first judgment just as the granting of a motion for a new trial does. The answer is obvious. The motion for a new trial operates as a stay simply because the statute expressly gives it that effect, and the granting of a motion for a new trial vacates the judgment only because the statute expressly so declares. Rem. & Bal. Code, § 431. We have no statute providing for a motion for judgment *non obstante veredicto* or giving either of these effects to such a motion. At common law it had no such effect, since it could not be interposed after entry of judgment. 23 Cyc. 781.

It is also argued that because some courts have elected to treat a motion for judgment *non obstante veredicto* as a motion for a new trial, and because the granting of a motion for new trial *ipso facto* vacates the judgment, then the granting of a motion for judgment notwithstanding the verdict would also have that effect. This is a palpable *non sequitur*. The motion for judgment has the effect of a motion for new trial only when and because the court elects to treat it as a motion for new trial. When not so treated or considered, it could not have that effect.

But it is urged that, even if it be conceded that the judgment appealed from is void, this court could only send the case back for another judgment to be signed by the trial court. In support of this, Rem. & Bal. Code, § 1737, is cited. That section provides that on appeal the supreme court may

affirm, reverse or modify the judgment or order appealed from and may direct the proper judgment or order to be entered etc. This statute cannot have the effect claimed for it. It was never designed to make this court one of original cognizance. This is a court of review so far as jury cases are concerned. It cannot breathe life into a void judgment. To send this judgment back with an order to vacate the first judgment as being contrary to the evidence and enter a judgment notwithstanding the verdict would be in effect to review and reverse the first judgment from which no appeal has ever been taken. We can do no more than review the judgment which has been brought before us by the appeal.

We do not hold that a judgment may not be vacated upon motion for judgment notwithstanding the verdict. That question is not before us. We do hold, however, that the judgment appealed from did not vacate the first judgment and is therefore void, and that this court, not being a court of first instance, but only a court of review, is at the end of its powers when it finds that fact. It cannot reverse nor vacate the prior judgment which is not here on appeal.

The judgment appealed from is reversed.

MOUNT, CROW, FULLERTON, and CHADWICK, JJ., concur.