[No. 11185.   Department Two.   August 22, 1913.]

CHARLES H. WAGNER *et al.*, *Appellants*, v. NORTHERN LIFE
INSURANCE COMPANY, *Respondent.*[1]

JUDGMENT—ENTRY—MOTION FOR JUDGMENT NOTWITHSTANDING VER-
DICT—PRACTICE. A motion for judgment notwithstanding the verdict
could not be made at common law after entry of judgment on the
verdict, and accordingly the motion does not suspend a judgment on
the verdict like a motion for a new trial, there being no statutory
authority therefor.

SAME—TRIAL—APPEAL—POWERS—REMAND. Where, after the regu-
lar entry of formal judgment for the plaintiff upon the verdict, the
court entered a void judgment for the defendant notwithstanding
the verdict without vacating the first judgment, and on appeal the
void judgment was reversed, the trial court, on the remand of the
case, cannot vacate the judgment for plaintiff and enter judgment
for defendant notwithstanding the verdict, eighteen months after
the entry of plaintiff's judgment; since it had become final by lapse
of time within which it could be appealed from or vacated.

Appeal from a judgment of the superior court for Spokane
county, Hinkle, J., entered January 10, 1913, in favor of the
defendant, notwithstanding the verdict of a jury rendered in
favor of the plaintiffs, in an action on promissory notes. Re-
versed.

*F. A. McMaster*, for appellants.
*Robertson & Miller*, for respondent.

MORRIS, J.—A question of practice determines this second
appeal, arising out of the proceedings subsequent to the going
down of the remittitur on the first appeal.   All the material
facts, except the subsequent action of the lower court, will be
found in *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210,
126 Pac. 434.

When the remittitur of this court reached the lower court,
respondent moved that court as follows:

[1]Reported in 134 Pac. 685.

"Comes now the defendant and moves the court for judgment upon the decision of the court sustaining the defendant's motion for judgment notwithstanding the verdict, rendered on the 9th day of September, A. D. 1911.

"This motion is based upon the records and files of the above entitled cause, and the minutes of the court and clerk."

This motion was granted by the lower court, and it thereupon entered its judgment, similar in all respects to the judgment reversed on the first appeal, except that it vacated the judgment for $1,503.75 in favor of appellants. This is the judgment now submitted for review.

We know of no authority, either statutory or otherwise, that will support this last judgment. We have no provision in our practice for a judgment notwithstanding the verdict, and while the motion for such a judgment has of late years been entertained by the courts, it cannot be held that, when made, it suspends any judgment that may be entered, like the motion for a new trial. This matter is treated and disposed of in the opinion on the former appeal, where it was said that, under the common law, such a motion could not be interposed after entry of judgment. Such is the undoubted rule. *State v. Commercial Bank of Manchester*, 6 Smedes & M. 218, 45 Am. Dec. 280; *Schieble v. Hart*, 11 Ky. Law 607, 12 S. W. 628; 11 Ency. Plead. & Prac. 920; Freeman, Judgments, § 7.

The judgment entered on the verdict in this case, prior to the motion of respondent, was not the judgment which our practice provides shall be entered by the clerk immediately upon the receipt of the verdict, but was a formal judgment signed by the court and entered two days after the return of the verdict. When, therefore, respondent made its motion for judgment notwithstanding the verdict, or in the alternative for a new trial, the only effect was to suspend the judgment pending the ruling of the court upon the motion for a new trial, and this only as said in the former opinion, because the statute so provides. This judgment entered by the court was, therefore, never suspended by virtue of the motion for judg-

ment notwithstanding the verdict, and when the motion for a new trial was denied, the judgment became to all intents and purposes a valid and subsisting judgment from which no appeal has ever been taken. This judgment was made and entered May 5, 1911, and respondent's motion, above quoted, upon which the court below entered its vacating order, was made on January 8, 1913. We know of no statute permitting this to be done. Assuming the power of the court over its judgments to make them speak the real judgment of the court when for some reason it is assumed they fail to do so, no such power is here sought to be exercised. This is not such a proceeding. It is not questioned but that this first judgment correctly speaks the act of the court. What was sought to be done, and all that the judgment recites, is that by virtue of the verdict, judgment is rendered against defendants in the sum of $1,503.75. No irregularity is claimed; no wrongful recital; nor is any assertion made that it incorrectly recites the real judgment of the court. How then can it be vacated on this motion eighteen months after its entry? We know of no rule permitting it to be done; and since the matter of vacating judgments is purely statutory, some such rule must be pointed out before it can be so held. If such a practice was permitted, there would be but little stability to a judgment, not only final in its character, but final because of the lapse of time in which an appeal from it could be taken.

While the decisions of the courts in this state have recognized and entertained motions for judgment notwithstanding the verdict, when made within the time and in connection with the motion for a new trial, that practice cannot be extended so as to permit the vacation of a judgment on motion eighteen months after its entry and after an appeal from the judgment entered by the court upon a former motion for judgment.

The judgment appealed from is reversed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.