[No. 11521.  Department One.  April 23, 1914.]

C. AUWARTER, *Respondent*, v. WILLIAM KROLL, *Appellant*.[1]

PRINCIPAL AND AGENT—POWERS OF AGENT—LIMITATION—NOTICE—POWER OF ATTORNEY. Under a general power of attorney, in which there is no ambiguity or uncertainty, one dealing with the agent is not bound to look beyond the instrument itself or make an inquiry as to secret limitations upon the agent's authority.

APPEAL—REVIEW—VERDICT. The verdict of a jury supported by sufficient evidence, will not be disturbed on appeal.

APPEAL—REVIEW—HARMLESS ERROR. Where the only question is whether defendant's agent contracted as such, it is not prejudicial error to fail to submit to the jury the question of agency.

NEW TRIAL—EXTENT OF RELIEF. Where special verdicts are returned showing the amount allowed on each of several causes of action, the court, upon motion for a new trial as to the whole cause, has power to deny a new trial as to one cause and grant it as to the others, under Rem. & Bal. Code, § 399, authorizing the vacation of a verdict and the granting of a new trial.

JUDGMENT—NOTWITHSTANDING VERDICT—NEW TRIAL — EXTENT OF RELIEF. Upon motion for a new trial for insufficiency of the evidence to sustain special verdicts on each of several causes of action, the power of the court is limited to denying or granting the motion, in whole or in part, and it is error to enter judgment dismissing several of the causes, notwithstanding the verdicts.

Cross-appeals from a judgment of the superior court for Spokane county, Hinkle, J., entered January 9, 1913, upon special verdicts for the plaintiff, in favor of the plaintiff upon one cause of action, and dismissing two causes of action

[1]Reported in 140 Pac. 326.

notwithstanding the verdicts, in an action on contract. Affirmed on defendant's appeal, and reversed on plaintiff's appeal.

*D. W. Henley,* for appellant.

*Voorhees & Canfield,* for respondent.

CHADWICK, J.—There are two principal questions involved in this case. The first, is the extent of the authority vested in Arthur H. Kroll by his father, William Kroll, defendant in this action, under a power of attorney containing the following words of authorization:

"To ask, demand, sue for, collect and recover all sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now or shall hereafter become due, owing, payable or belonging to me . . . to bargain and agree for, buy, sell, mortgage, hypothecate, and in any and every way and manner deal in and with goods and merchandise, choses in action and other property, in possession or in action, and to release mortgages on lands or chattels, and to make, do and transact all and every kind of business of what nature and kind soever. And also for me and in my name and as my act and deed to sign, seal, execute and deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter parties, bills of lading, bills, bonds, notes, receipts, evidences of debt, releases and satisfaction of mortgage judgments and other debts, and such other instruments in writing, of whatever kind or nature as may be necessary or proper in the premises. Giving and granting unto my said attorney full power to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could if personally present."

Plaintiff set up three causes of action, a promise to pay a certain sum in consideration of a transfer of a certificate of sale held and owned by plaintiff upon the property of a mining corporation known as the Spokane Lead Mines Company,

and for work and labor performed for said company at the instance and request of defendant. The transactions between plaintiff and defendant were had through the intervention of Arthur H. Kroll. Defendant had no interest in the mining property at the time the power of attorney was executed, although he thereafter became possessed of the full legal title.

The next question raised under the assignments of error is whether a power of attorney will operate upon after acquired property.

We think it will hardly be contended, under a general power such as the one before us, that an agent would not have authority to act with reference to all manner of business until the power is formally revoked. But appellant insists that, inasmuch as the power was given with reference to certain orchard tracts upon which appellant had a mortgage containing a contract to release as the tracts were sold, the power must be construed with reference to the intention of the parties; and this being so, the agent could not bind defendant upon any contract pertaining to the Lead Mines Company. Under certain circumstances, the power of an agent will be determined by reference to the intent of the parties, and the person dealing with an agent is held to act at his peril; but where the power is general and there is no ambiguity or uncertainty in the instrument creating the agency, one dealing with an agent is not bound to look beyond the instrument itself, or to make any inquiry that might lead to any secret reservation or understanding as between the principal and his agent at the time the power of attorney was executed. 31 Cyc. 1325-1327. This rule governs this case, and we find no merit in appellant's first assignment of error.

It is next contended that, although it may be held that the power operates upon after acquired property, and upon contracts made with reference thereto, the testimony shows that the Spokane Lead Mines Company was owned by the appellant and by Arthur H. Kroll jointly, and a power to deal with

the property of a principal will not operate upon property owned jointly with another. No apt authority is cited to sustain this proposition, nor have we been able to find any; but whatever the rule may be upon an apposite state of facts, we think it cannot be so held in this case, for the testimony shows that the legal title to the property is in the name of the appellant, and there is some testimony, which must have been weighed and given full credence by the jury, to the effect that appellant, for a valuable consideration to him moving, promised to pay the present demands of the respondent. It would serve no useful purpose to review the testimony. It is sufficient to say that there was enough to go to the jury, and its verdict upon the issues of fact is conclusive.

It is next contended that the court erred in giving certain instructions to the jury, in which, as it is insisted, the question of agency was not left open, but was submitted to the jury as if it were not an issuable fact. We would not be inclined, in the light of the whole record, and the other instructions, to admit that defendant has been prejudiced by the instructions complained of. However, under our view, it will not be necessary to repeat them in this decision, or to discuss them from that view point. We find that Arthur H. Kroll was the agent of the defendant, and the only question for the jury to decide was whether he actually contracted on behalf of the defendant. This question was foreclosed by the verdict of the jury, and there was no prejudice in the instructions.

The jury returned a general verdict for $6,390.62. The court, upon its own motion, submitted three special verdicts. in form, and which were answered, as follows:

"(1)  If you find that there is anything due to plaintiff on the first cause of action, how much?  $5,107.40-100.

"(2)  If you find that there is anything due to plaintiff on the second cause of action, how much?  $372.91-100.

"(3)  If you find that there is anything due to plaintiff on the third cause of action, how much?  $910.31-100."

A new trial was denied as to the first cause of action, and the court, of its own motion, ordered that plaintiff's complaint as to the second and third causes of action be dismissed, and that he take nothing. Both sides appeal from this order, defendant insisting that the court had no power to enter a judgment other than to grant or deny the motion; while the plaintiff insists that the verdict and judgment be reinstated as to the second and third causes of action, or, if that cannot be done, the order vacating the judgment as to the second and third causes of action be set aside and a new trial granted.

If the jury had returned a general verdict only, the position of the defendant would be well taken, for the court could not then have apportioned the judgment; but where, as in this case, special verdicts are returned showing the amount allowed by the jury upon each cause of action, an order of the court denying a new trial upon one cause of action and granting it as to another, does no violence to § 399 *et seq.*, Rem. & Bal. Code (P. C. 81 § 729). The question, so far as we now remember, has never been decided by this court, but we are not without sound authority to sustain us.

"If the motion be for a new trial as to the entire action, the court may grant it in part, and deny it in part, leaving its former determination upon a portion of the issues to remain." *Robinson v. Muir*, 151 Cal. 118, 90 Pac. 521.

See, also, *Duff v. Duff*, 101 Cal. 1, 35 Pac. 437; *Mountain Tunnel Gravel Min. Co. v. Bryan*, 111 Cal. 36, 43 Pac. 410. Without assembling the cases, it is not out of place to say · that it is the settled practice in this court to affirm a judgment as to one cause of action and remand as to another, for a new trial.

Just why the court assumed to grant a judgment *non obstante veredicto* as to the second and third causes of action, we are not advised. Defendant had not asked that relief, and now insists that the court erred in granting it in that the verdict must stand or fall as a whole. In ruling upon the mo-

tion for a new trial, the court was called upon to pass upon the sufficiency of the evidence to sustain the verdict, and we can divine no reason—certainly none is apparent in the record—for the order of the court, except that the judge was of the opinion that the verdict was contrary to the weight of the evidence. If so, his power was limited to making an order granting a new trial. We believe that the court abused its discretion in dismissing plaintiff's case as to the second and third causes of action.

Our conclusion is that the judgment of the lower court should be affirmed as to the first cause of action, and that the case be remanded for a new trial as to the second and third causes of action. It is so ordered.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.