[No. 11881.  Department One.  August 11, 1914.]

ALBERT FORSYTH, *Appellant*, v. DAVID DOW *et al.*,

*Respondents.*[1]

JUDGMENT—NOTWITHSTANDING VERDICT—MOTION FOR—POWER OF
COURT. After the entry of a judgment upon the verdict, no motion
other than a motion for a new trial or to vacate it can be made
or entertained by the court, and it is error to grant a motion for
judgment *non obstante veredicto.*

SAME. A motion for judgment notwithstanding the verdict in-
vokes no element of discretion, but will only be granted where the
verdict is so contrary to law, or taking the evidence as undisputed,
a judgment cannot be entered.

JUDGMENT—ENTRY—STATUTES—CONSTRUCTION. Rem. & Bal. Code,
§ 431, providing that the clerk shall immediately enter judgment on
the verdict when returned, violates no constitutional provision, as
the verdict is received by the court, the entry of the judgment being
a ministerial act; hence the judgment should be entered at once, un-
less the judge reserves judgment or directs that it be not entered.

JUDGMENT—ENTRY—FORM. A judgment is not invalid in that it
lacks formality and is not signed by the judge, or where the record
does not show that the journal was signed by the judge for the day
proceedings were had; since it is not essential that judgments
rendered and entered on verdicts be drawn with the formality of
other judgments.

JUDGMENT—VACATION—SECOND JUDGMENT. After entry of final
judgment on the verdict, the court is without power to enter an-
other until the first is regularly cancelled or set aside; and the first
judgment is not vacated by a second judgment making no mention
of the first.

FRAUD—ACTION FOR DECEIT—EVIDENCE—SUFFICIENCY. The evi-
dence is sufficient to establish a showing of deceit in carrying out
an agreement to furnish motors to plaintiff at the price paid there-
for by defendants, which was claimed to be the list price, but which
was a price higher than that paid by defendants, although it was
shown that plaintiff admitted that he knew, before the trade, that
they could be purchased for less than he paid, that the price paid
by defendants was stated in a conditional bill of sale which was of
record, and that plaintiff's attorney knew the price paid by defend-
ants, where plaintiff testified that, although he heard the motors

[1]Reported in 142 Pac. 490.

could be purchased for less money, the defendants made him believe they were paying the full price therefor, and plaintiff was corroborated by two witnesses, and it further appeared that the record of the conditional bill of sale furnished no notice to plaintiff, and the evidence was in conflict as to whether the attorney had communicated his knowledge of the purchase price to plaintiff.

ATTORNEY AND CLIENT—NOTICE TO ATTORNEY—SCOPE OF EMPLOY- · MENT. An attorney employed to pass upon the title to personal property is not a general agent of the client, and notice to him of the price paid by the vendor will not be binding upon the client; since it is not within the scope of his employment and he is therefore not bound to communicate any collateral fact touching a contract between his client and the vendor, although he had knowledge of facts that would estop his client if they had been known to him.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered September 13, 1913, in favor of the defendants, notwithstanding the verdict of a jury in favor of the plaintiff, in an action for deceit. Reversed.

*Wingate & Dolby*, for appellant.
*Jay C. Allen*, for respondents.

CHADWICK, J.—This case was tried before a jury, and a verdict was returned in favor of the plaintiff. A motion for judgment of nonsuit and for a directed verdict were overruled. The clerk, after noting the closing of the trial, made the following entry in the journal of the court:

"Plaintiff rests. Defendants move for judgment. Motion denied and exception allowed. The Court instructs the jury, respective counsel argue to the jury, and at 1:50 p. m. the jury in charge of sworn officers retires to deliberate upon its verdict, and at 3:25 p. m. the jury having agreed brings in the following verdict, Viz: We the jury in the above entitled cause do find for the Plaintiff in the sum of Thirteen Hundred Ninety-nine and 23-100 Dollars. ($1399.23) W. E. Lovejoy, Foreman. The jury is polled and twelve jurors answer that it is their verdict and the verdict of the jury. The verdict is received and filed and judgment is hereby entered in accordance with the verdict in

favor of the plaintiff and against the defendants in the sum of Thirteen hundred ninety-nine & 23-100 dollars ($1399.23), The Court discharges the jury from further consideration of this case."

On the next day, defendants filed a motion for a new trial, and a motion for a judgment *non obstante veredicto*. The court denied the motion for a new trial, and granted the motion for a judgment, which was accordingly entered and from which plaintiff has appealed.

Prior to 1903, the law was that judgments in jury cases should be entered within five days after the filing of the verdict,

". . . unless a motion for a new trial shall have been filed, or unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings. In all other cases the judgment shall be entered on the day when it is given." Laws 1891, pp. 76, 77.

In 1903, the law was, by amendment and repeal of contrary sections, made to read as follows:

"When a trial by jury has been had, judgment shall be entered by the clerk immediately in conformity to the verdict, and a transcript of said judgment may be immediately filed in the office of the clerk of the superior court of any other county in the state in the manner provided by law: Provided, however, that if a motion for a new trial shall be filed, execution shall not be issued upon said judgment until said motion shall be determined: And provided, further, that the granting of a motion for a new trial shall immediately operate as the vacation and setting aside of said judgment." Laws 1903, p. 285; Rem. & Bal. Code, § 431 (P. C. 81 § 729).

Assuming that the entry above quoted is a sufficient entry of a judgment, the question is submitted whether a motion for a judgment *non obstante veredicto*, or any motion other than a motion for a new trial, can be made or entertained by the court after the entry of a judgment upon the verdict.

A motion for a judgment *non obstante veredicto* is a crea-

ture of the common law. It is now entertained only in so far as it has been defined and assigned a particular function in our code of procedure. Rem. & Bal. Code, § 387 (P. C. 81 § 681). The motion has come into frequent use and has been, to a greater or less extent, abused and misunderstood. At common law it was never entertained after the entry of a judgment. "If the motion was filed after a judgment was entered, it came too late." *Okazaki v. Sussman,* 79 Wash. 622, 140 Pac. 904; *Wagner v. Northern Life Ins. Co.,* 70 Wash. 210, 126 Pac. 434, 44 L. R. A. (N. S.) 338; 2 Tidd's Practice, p. 928; 23 Cyc. 781; Freeman, Judgments, § 7.

In *Roe v. Standard Furniture Co.,* 41 Wash. 546, 83 Pac. 1109, which is one of the first of our cases which discusses judgments *non obstante veredicto,* it appears that "Respondent *immediately* moved for a new trial, and by a separate motion also asked for judgment notwithstanding the verdict." Nor does the statute make the motion in any way dependent upon or concurrent with a motion for a new trial. The only right to move after the entry of a judgment is the statutory right to move for a new trial (Rem. & Bal. Code, § 431), or to vacate the judgment under Title III, chapter XVII, Rem. & Bal. Code. We have had occasion but recently to call attention to the fact that the motion should not be employed unless a verdict is so contrary to law, or taking the evidence as undisputed, a judgment could not be entered. In the *Roe* case, the court said:

"It is the proper practice for a trial court, upon the hearing of a motion for judgment *non obstante veredicto,* to enter final judgment in favor of either party where it is warranted by the undisputed evidence."

In *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166, we said:

"The motion for judgment notwithstanding the verdict invokes no element of discretion. It invokes the pure judicial functions of the trial court and of this court on review. It

can only be granted when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict."

*Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326, is a case in point. The court below rendered judgment *non obstante.* This court held this to be error, saying:

"We can divine no reason—certainly none is apparent in the record—for the order of the court, except that the judge was of the opinion that the verdict was contrary to the weight of the evidence. If so, his power was limited to making an order granting a new trial."

Our holding is no new conception. The rule is general and is as old as trial by jury. 11 Ency. Plead. & Prac., 917.

While the rendition of a judgment is a judicial function, its entry is a ministerial act, and as verdicts are received by the court, the legislature violated no provision of our constitution when it provided that the clerk should enter judgment on the verdict when it is returned. Unless the judge reserves judgment or directs that it be not entered, judgment should be entered at once. It is rendered when the verdict is pronounced by or in the presence of the court. If this is not the true construction of the statute, it is impractical and could be defeated at will.

But it is contended that the judgment relied on is no judgment; that it lacks formality and is not signed by the judge, or if it is entered in the journal the record does not show that the journal was signed by the judge for the day proceedings were had, and for that reason the motion was filed in time. It is not essential that judgments rendered and entered on verdicts should be drawn with the formality of other judgments and decrees. To so hold, would be to nullify the statute in many cases.

"The act, after the trial and final submission of a case, of pronouncing judgment in language which finally determines the rights of the parties to the action and leaves nothing more to be done except the entry of the judgment

by the clerk constitutes the rendition of a judgment. No particular form is required in the proceedings of a court to render them an order or judgment. It is sufficient if they are final. . . . The rendition and entry of a judgment are entirely different things. The first is a purely judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered, and is purely a ministerial act. . . . In practice it would seem that a judgment on verdict is rarely if ever announced by the court in legal actions, since it follows so naturally and necessarily that it is taken for granted. In some of the states statutes prescribing the procedure upon the coming in of a verdict in a trial by jury expressly make it the duty of the clerk to enter a judgment in conformity with the verdict, unless a different direction be given by the court." 18 Ency. Plead. & Prac., pp. 429-432.

See, also, 23 Cyc. 835, 836.

The point is made that the court had no power to render a judgment after the first judgment had been entered by the clerk; that the second judgment would not operate as a vacation of the judgment upon the verdict. In this regard, this case is controlled by the case of *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 126 Pac. 434, 44 L. R. A. (N. S.) 338, and the cases therein cited.

We have discussed the legal propositions involved in this case because of the confusion in the practice with reference to the entry of judgments upon verdicts and the use of the motion for judgment notwithstanding the verdict; but we have felt that, for the very reason that the practice has not been always understood, it was our duty to look into the facts of the case to ascertain whether or not the final judgment rendered by the court could be sustained. The complaint states a cause of action for deceit, worked, as it is alleged, by the defendants, in the purchase of certain electric motors. The defendants were to buy motors from the Seattle Electric Company at a list price. They were bought at a less rate. Defendants had use for large motors and the plaintiff had use in his business for small motors. Plain-

tiff agreed to take all of the motors purchased by the defendants up to and including those of three horse power. He was to pay the amount paid by the defendants, or, as the transaction actually occurred, furnish a part of the purchase price. Defendants answered by general denial.

There are three suggested reasons for sustaining the judgment of the lower court and for denying the plaintiff the benefit of his verdict and judgment. Plaintiff admitted that he was told, before the trade was consummated, that the motors could be purchased for a less sum of money than he paid; that he had heard that the motors could be purchased for less money; but he says that, when he took the matter up with defendants, they quieted his suspicions and made him believe that they were paying the full price to the electric company. Plaintiff is corroborated by two witnesses who testified to conversations in which their deceit was admitted.

The next possible reason is that the price paid by defendants to the electric company is stated in a conditional bill of sale, which was made of record in the county auditor's office. Obviously, this cannot be notice to the plaintiff or enough to put him upon his inquiry, if he had notice of it. Our recording acts are designed to protect titles. The statement of a consideration in an instrument offered for filing is only *prima facie* evidence of the true consideration. If it were not so, and plaintiff had made inquiry, he would probably have been quieted by the same assurance that sat-. isfied him when he took the matter up with the defendants upon oral rumor.

Another possible reason is that the court believed that the attorney whom plaintiff had employed in the transaction had notice of the amount that was actually paid to the electric company. We have read the testimony of the attorney and we are not sure that he ever communicated such notice to the plaintiff. Plaintiff says that he did not. The jury has a right to believe the plaintiff, and evidently did so. This is conclusive on the disputed facts, unless the knowl-

edge of the attorney is binding upon the plaintiff in any event. The attorney was employed, as it appears without contradiction, to see that plaintiff got title to the motors. He was not a party to the trade; he was not bound to concern himself with the purchase price or to communicate any knowledge he might have with reference thereto to his client. He would probably have been officious if he had done so.

On the facts, the case falls within the *Wagner* and *Brown* cases.

Remanded with directions to vacate the judgment entered *non obstante veredicto*.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.