[No. 11747. Department One. November 14, 1914.]

PETER E. BOYCE, *Respondent*, v. CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY, *Appellant*.[1]

PLEADING—COMPLAINT—STATING SEVERAL CAUSES SEPARATELY—DEMURRER. A complaint for damages to real and personal property, by reason of the breach of certain provisions of a right of way deed as to the care of surface water and providing crossings and ditches, is not demurrable because it states several causes of action which are not separately stated, although segregated portions of the complaint support that view, where the deed was made a part of the complaint, and the paragraphs wherein the facts upon which the action is based refer to the deed, and the complaint in its entirety predicates the action upon breach of the terms of the deed.

APPEAL—ASSIGNMENT OF ERRORS. Reversal will not be granted for error in denying a demurrer for failure to separately state several causes of action, where appellant does not seek a new trial and only asks that the action be dismissed.

JUDGMENT—NOTWITHSTANDING VERDICT—TIME FOR MOTION. A motion for judgment *non obstante veredicto* is too late when not made until the day after the clerk's entry of judgment upon the verdict.

JUDGMENT—CONFORMITY TO VERDICT—SPECIAL FINDINGS — EFFECT. Where there was general verdict for plaintiff in a lump sum for various items of damage, and a special finding that the plaintiff had not exercised ordinary care as to one item, without any segregation as to the damages by reason of such want of ordinary care, the defendant is not entitled to a judgment for only nominal damages, or to judgment *non obstante veredicto*, where there was evidence which, if believed, would have supported the judgment.

APPEAL—REVIEW—WAIVER OF ERROR. Where appellant, in the court below, expressly refused a new trial, and did not ask one on appeal, the supreme court will not consider assignments of error, which only go to appellant's right to a new trial.

Cross-appeals from a judgment of the superior court for Snohomish county, Alston, J., entered June 15, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for breach of contract, after a trial on the merits. Affirmed.

[1]Reported in 144 Pac. 27.

*F. M. Dudley, G. W. Korte,* and *C. H. Hanford,* for appellant.

*Vince H. Faben* and *C. H. Graves,* for respondent.

MAIN, J.—This is an action to recover damages for alleged injuries to real estate and livestock, and for losses consequential to an alleged interference with the plaintiff's business as a farmer and dairyman.

The plaintiff is the owner of land aggregating about one hundred and seventy acres, in the Snohomish river valley, Snohomish county, Washington, a part of which is improved for agricultural purposes; and the remainder is in its wild state. The defendant is a railroad corporation organized and existing under the laws of the state of Washington.

In the year 1910, the plaintiff's premises included a meadow of about 60 acres, which had been made fit for cultivation by clearing and drainage, the same being a part of an extensive district of low bottom land unfit for cultivation until properly drained. The Great Northern Railway Company had constructed its railroad upon an embankment across this meadow, its line running northwesterly from Monroe towards Everett. In the year 1910, the defendant purchased from the plaintiff a right of way across one of the subdivisions of the land mentioned. This right of way strip was one hundred and twenty-five feet wide, and was located on the northeasterly side of the Great Northern's right of way, and was contiguous and parallel thereto. The defendant paid the agreed price for this strip of land, and accepted a deed which contained recitals of agreements on the part of the defendant to take care of certain surface waters, and to provide underground and overhead crossings, ditches, and fences. During the years 1910 and 1911, the defendant constructed a railroad on its right of way across the plaintiff's land. In his second amended complaint, the plaintiff claims damages resulting from a breach of certain provisions of the right of way deed which were made for his benefit. The facts upon

which the right of action is predicated are found in paragraphs four to nine inclusive. A copy of the right of way deed is attached to the complaint, and by reference thereto as "Schedule A" is made a part thereof. The paragraphs of this complaint referred to set out with some detail the particulars in which the plaintiff has been damaged, and the source of such damage.

To this second amended complaint, the defendant demurred, on the ground that several causes of action were improperly united. The demurrer was overruled and an answer was filed containing admissions, denials, and an affirmative defense. To the affirmative matter in the answer, a reply was presented. Upon the issues thus framed, the cause was tried to a jury, and resulted in a verdict for the plaintiff in the sum of $3,000. The verdict was returned on the 8th day of May, 1913. Thereupon the court directed that judgment be entered by the clerk upon such verdict. On the day following, May 9th, the defendant moved that the general verdict of the jury be set aside, and that a judgment notwithstanding the verdict be entered for the plaintiff for nominal damages only, but did not move for a new trial. The plaintiff moved for a new trial. These motions being overruled by the superior court, both parties appealed.

The questions presented upon the defendant's appeal are as follows: First, Does the second amended complaint state two distinct causes of action, one for an alleged breach of a written contract, and the other for an alleged tort, without separately stating them? and second, Did the court err in overruling the appellant's motion for judgment *non obstante veredicto.*

I. The defendant claims that the facts pleaded in the second amended complaint constitute more than one cause of action, and that the complaint is demurrable because the several causes of action are not separately stated. In support of this contention, an engaging argument is made. It must be admitted that there are certain expressions in the

complaint which, if removed from their setting, would support this view. But when the complaint is read in its entirety, we think it is sufficiently plain that the plaintiff was predicating his action upon a breach of the terms contained in the right of way deed. This deed, as already noted, is attached to the complaint and is made a part thereof, and in each paragraph of the complaint where the facts upon which the right of action is based are stated the contract is referred to. But if it were assumed that the facts stated constitute two or more causes of action, the fact that they are not separately stated would not justify the relief which the appellant asks; for an error of this nature would only result in a reversal of the judgment, and not a dismissal of the cause. The defendant, in concluding its argument upon this branch of the case, "Asks for an order reversing the judgment and dismissing the case," apparently being content with the judgment unless a dismissal can be secured upon the record or a judgment for nominal damages entered.

II. The motion for judgment *non obstante veredicto* is based upon the claim, (a) that there was no evidence as to the amount of damages; and (b) upon the special findings of the jury that the plaintiff had not exercised ordinary care to keep open the drains and ditches upon his land. As appears from the facts stated, the judgment was entered by the clerk upon the verdict immediately upon its return, and the motion for judgment *non obstante veredicto* was not made until the day following. Under the holding of the recent case of *Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490, this motion was not timely. It was there held that a motion for judgment *non obstante*, made after judgment was entered upon the verdict, came too late. It may be said, however, that since this case was pending here when the decision in the *Forsyth* case was rendered, that we have looked into the record, and find that the trial court committed no error in overruling the motion for judgment notwithstanding the ver-

dict. . There was evidence which, if believed by the jury, would support the verdict.

Neither would the special finding of the jury justify a judgment for nominal damages only. The contract was claimed to be breached in a number of particulars. The evidence as to the damages gave it in a lump sum. There was no segregation as to the amount of damages which might have been sustained by reason of the plaintiff's failure to properly care for the ditches, as found by the jury in its special verdict, and the amount of damages which resulted, for instance, from failure to construct the fences, crossings, and approaches as provided in the contract. Hence, if the judgment in its entirety could not be sustained, it would only result in a new trial. This the defendant does not ask. In a colloquy which occurred between the trial court and the defendant's counsel, when the motion for judgment *non obstante* was being heard, the court believing that it had committed error in the giving of a certain instruction which had been requested by the plaintiff, stated that, if the defendant were asking for a new trial, it should be granted. In response to this the defendant's counsel said, "Well, we do not ask it."

Upon the plaintiff's appeal, it is claimed that the court erred in the giving of certain instructions. Without reviewing these in detail, it may be said that this claim of error is not well founded.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.