[No. 12082. *En Banc.* July 23, 1915.]

CHEUSA PAICH, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

JUDGMENT—NOTWITHSTANDING VERDICT—TIME FOR ENTRY. After the entry of judgment upon the verdict of a jury, the supreme court is without power to entertain a motion for judgment notwithstanding the verdict, its power to correct its own errors being limited to the statutory right of granting a new trial.

SAME—ENTRY — CLERK'S JOURNAL — JUDGMENT NOTWITHSTANDING VERDICT—TIME FOR MOTION. Under Rem. & Bal. Code, § 431, providing that the clerk shall immediately enter judgment in conformity to the verdict, but that the granting of a new trial shall operate as a vacation of the judgment, the clerk's journal entry of judgment upon a verdict entered as of the date when the verdict was rendered, constitutes a valid judgment as of that date, notwithstanding that the entry was not actually made for several days, and that, meanwhile, a motion for a new trial and for judgment notwithstanding the verdict were made; hence such motion for judgment was too late, not having been made until after judgment on the verdict.

SAME — ENTRY — FORM — CLERK'S JOURNAL. The clerk's journal entry of judgment "in favor of plaintiff and against the defendant in accordance with the verdict," is sufficient in form to constitute a judgment where it immediately follows the journal entry of the verdict, which specified the amount of the recovery.

APPEAL—DECISION—REMAND. Where judgment notwithstanding the verdict was erroneously entered, and an accompanying motion for a new trial was overruled simply to clear the record without passing on its merits, on reversal, the cause will be remanded with directions to pass upon the motion for a new trial.

MORRIS, C. J., MOUNT, and CROW, JJ., dissenting.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 4, 1913, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee engaged in railroad construction work. Reversed.

*Jay C. Allen* and *J. H. Allen,* for appellant.

*C. H. Winders,* for respondent.

[1]Reported in 150 Pac. 814.

ON REHEARING.

PARKER, J.—This cause is before us upon rehearing. It was disposed of in favor of respondent by the decision of Department One, rendered December 15, 1914, reported in 82 Wash. 581, 144 Pac. 919. Having considered the oral argument and briefs presented by counsel upon rehearing, we are led to the conclusion that the Department decision is erroneous, in that it affirmed the judgment notwithstanding the verdict rendered by the superior court, which judgment was based upon a motion made therefor by counsel for respondent after a judgment had been rendered in accordance with the verdict.

After reviewing the case upon the merits, the Department decision briefly disposes of the question of the power of the superior court to render the judgment notwithstanding the verdict as follows:

"Appellant submits the contention that the lower court was powerless to grant the judgment complained of. Respondent had challenged the sufficiency of the evidence, both at the conclusion of appellant's case and at the conclusion of the whole case. Each of these motions was well taken and should have been granted. There is neither fact nor law upon which the verdict could stand. We are not disposed to say that the lower court is powerless to correct its own errors and that, having done so, its action is void. The granting of motions for judgment is proper when the court can say, as a matter of law, that there is neither fact nor reasonable inference to support the verdict."

The fact that there was a previous judgment rendered in accordance with the verdict was not noticed in the Department decision as a fact affecting the court's power to thereafter set aside such judgment and render a judgment notwithstanding the verdict and contrary thereto.

Assuming, for the present, that a judgment was in fact rendered in accordance with the verdict before respondent made its motion for judgment notwithstanding the verdict, our decisions lead only to the conclusion that the trial

court's power was thereafter limited to the granting of a
new trial. Indeed, if it were not for the statute giving to
the trial court the power of granting new trials after judg-
ment, even such power would not exist. The judgment ren-
dered upon the verdict being the final determination of the
rights of the parties, was the end of the case so far as the
trial court was concerned, except only in so far as the
statute provides otherwise. The view that the trial court
should not be held powerless to correct its errors, as suggested
by the language of the Department decision, must be taken
with the qualification that such power to correct errors
ceases to exist upon the rendering of a final judgment, ex-
cept, as we have noticed, by the exercise of the statutory
power to grant a new trial.

In *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 126
Pac. 434, 44 L. R. A. (N. S.) 338, touching the power of a
trial court in a case after judgment, we said:

"The respondent contends that the motion for judgment
notwithstanding the verdict operated as a stay, and when
granted vacated the first judgment just as the granting of
a motion for a new trial does. The answer is obvious. The
motion for a new trial operates as a stay simply because the
statute expressly gives it that effect, and the granting of a
motion for a new trial vacates the judgment only because the
statute expressly so declares. Rem. & Bal. Code, § 431.
We have no statute providing for a motion for judgment
*non obstante veredicto* or giving either of these effects to
such a motion. At common law it had no such effect, since
it could not be interposed after entry of judgment. 23
Cyc. 781."

In *Auwarter v. Kroll*, 79 Wash. 179, 140 Pac. 326, it was
held that the court's power after judgment was "limited to
making an order granting a new trial." In *Forsyth v. Dow*,
81 Wash. 137, 142 Pac. 490, it was said:

"Nor does the statute make the motion in any way de-
pendent upon or concurrent with a motion for a new trial.
The only right to move after the entry of a judgment is the

statutory right to move for a new trial (Rem. & Bal. Code, § 431), or to vacate the judgment under Title III, chapter XVII, Rem. & Bal. Code."

It seems quite clear to us that the trial court was without power to render the judgment notwithstanding the verdict, which also set aside the former judgment.

It is contended, however, by counsel for respondent that there was no valid judgment rendered upon the verdict before its motion for judgment notwithstanding the verdict was made. The record before us shows that, on the 5th day of June, 1913, at the conclusion of the trial, there was entered in the minutes of the court by the clerk the following:

"In the Superior Court of the State of Washington County
of King

"Peter Cim,

Plaintiff,                    No. 92291

vs.                    Thursday, June 5th, 1913
                       Hon. Kenneth Mackintosh,
"Northern Pacific Railway Co.,          Judge.
Defendant.

"Jury in the above cause brings in sealed verdict which upon being opened is as follows:

"We, the Jury in the above entitled cause, do find for the plaintiff in the sum of Three Thousand dollars, ($3000.00).
                       "Cora R. Cotterill, Foreman.

"Jury is polled and ten jurors answer that it is their verdict and the verdict of the jury.

"Verdict is received and filed and judgment is hereby entered in favor of the plaintiff and against the defendant in accordance with the verdict.

"Court discharges the jury from further consideration of the cause."

This entry was recorded without change in the journal under the same date. It appears, however, from the certificate of the clerk attached to the transcript, that this record was not made in the journal until the 16th day of June, 1913. After this entry was made in the minutes of the court and before it was recorded in the journal, respondent made

its motion for judgment notwithstanding the verdict. Counsel for respondent call our attention to subdivision 4 of § 75, Rem. & Bal. Code, touching the duty of the clerk, which reads:

"He shall also provide and keep a well bound book, to be called the order book or journal, in which he shall record the daily proceedings of the court, and enter all verdicts, orders, judgments, and decisions thereof, . . ."

It is argued that, under this provision, there was no judgment until it was actually recorded in the journal, which, as we have noticed, occurred some days after the making of respondent's motion for judgment notwithstanding the verdict. We cannot accede to the view that the actual record of the judgment in the journal is necessary to its validity or existence. It is true that such record is the usual, and possibly the best, evidence of the existence of the judgment, but under our former decisions and statutory provisions later than that above quoted, a judgment may be evidenced in other ways. In *Quareles v. Seattle*, 26 Wash. 226, 66 Pac. 389, where the existence of a judgment before its recording in the journal was challenged, which was evidenced only by a judgment signed by the judge and filed in the case, holding that this evidenced a valid judgment, the court said:

"In this cause the judgment was filed on the same day it was rendered. When the judgment was signed by the court it was rendered, and, when it was filed by the clerk, became effective as a judgment. An execution might then have issued upon it. The fact that the clerk did not actually spread it upon the journal on that day, but waited seven days thereafter, did not delay the operation of the judgment for any purpose."

In *State ex rel. Brown v. Brown*, 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974, some observations are made, which, viewed superficially, might seem not wholly in harmony with the *Quareles* case, but in the *Brown* case the signed order

had not been filed so as to become a part of the court records. At page 403, it was said:

"It is probable that, if the clerk had either filed or entered the order in his journal the order would then have passed beyond the control of the court, except to vacate or modify the same under the statute with reference thereto. But where the same had only been delivered to the clerk, who had not filed it, and no entry thereof was made by him, the court had authority, under the statute above quoted, to direct when it should be entered, or to direct that it should not be entered at all."

It is true that the judgment rendered upon the verdict in this case was not signed by the judge nor was it filed by the clerk, but it was actually recorded in full in the minutes kept by the clerk under the direction of the court. This would seem to give it all the force of a signed and filed judgment, though not actually recorded in the journal. However, we do not rest our conclusion entirely upon this ground, since we have a statute later than that above quoted relating to the duty of the clerk to record judgments in the journal. Rem. & Bal. Code, § 431, Laws of 1903, page 285, reads:

"When a trial by jury has been had, judgment shall be entered by the clerk immediately in conformity to the verdict, . . . provided, further, that the granting of a motion for a new trial shall immediately operate as the vacation and setting aside of said judgment."

In *Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490, considering the effect of this provision, it was said:

"While the rendition of a judgment is a judicial function, its entry is a ministerial act, and as verdicts are received by the court, the legislature violated no provision of our constitution when it provided that the clerk should enter judgment on the verdict when it is returned. Unless the judge reserves judgment or directs that it be not entered, judgment should be entered at once. It is rendered when the verdict is pronounced by or in the presence of the court. If this is not the true construction of the statute, it is impractical and could be defeated at will."

We are of the opinion that, in the light of this later statute and our former decisions, the entry of the judgment in the minutes of the court, though not recorded in the journal until some time thereafter, was in effect a rendering of a judgment upon the verdict.

It is contended by counsel for respondent that the entry made by the clerk in the minutes of the court is not sufficient in form to constitute a judgment. It is to be noted that the verdict itself is embodied in the judgment, and the language following, to the effect that "judgment is hereby entered in favor of the plaintiff and against the defendant in accordance with the verdict," we think, renders it just as certain as to the amount that the judgment is for as if the amount stated in the verdict were repeated in the concluding language of the judgment. We think that it can hardly be seriously contended that the judgment is uncertain in any other respect. Observations made by the court in *Forsyth v. Dow, supra,* support this conclusion. The decision of Department One is overruled. The judgment notwithstanding the verdict, which also set aside the former judgment, is reversed.

It appears from the record before us that, at the time respondent made its motion for judgment notwithstanding the verdict, it also made a motion for a new trial, which was plainly intended to be urged in the event the motion for judgment notwithstanding the verdict should be denied. When the court granted the motion for judgment notwithstanding the verdict, it, on the same day, denied respondent's motion for a new trial and entered its order accordingly. It is apparent that this order was made by the court merely for the purpose of clearing the record of the motion for a new trial; plainly the motion was not disposed of upon the merits. To reverse that judgment without at the same time vacating the order denying respondent's motion for a new trial would in effect deprive it of the benefit of that motion if

13—86 WASH.

it be well founded.   We therefore conclude that the order de-
nying the motion for a new trial be vacated, and that the
cause be remanded to the trial court for further proceedings
without prejudice to respondent's right to urge and have
disposed of upon the merits its motion for a new trial.   It is
so ordered.

CHADWICK, MAIN, HOLCOMB, FULLERTON, and ELLIS, JJ.,
concur.

MORRIS, C. J. (dissenting)—I am unable to concur in the
decision reached by the majority.   It cannot be denied,
since we have no statutory provision, that the practice reg-
ulating the making of motions for judgment notwithstand-
ing the verdict must follow the common law procedure.   It
must also be conceded that, at common law, such motions
must precede the signing and entry of final judgment.   If
we are to adopt the common law procedure as applied to mo-
tions of this character, then we should adopt it as a whole,
and not separate it from the essential features of a common
law judgment requiring the formal judicial act of the court,
signature and entry, before becoming effective.   The ma-
jority adopt the common law requirement that the motion
must precede the judgment, but in determining the character
of the judgment, they leave out the common law requirement
of formality and substitute the statutory judgment, which
is nothing more than the ministerial act of the clerk possess-
ing few, if any, of the common law requirements of a formal
judgment.   It seems to me it would be better to hold that
the motion must be made as at common law, must precede a
signed and entered formal judgment as at common law, and
that the motion is in time when it precedes such a judgment.

This has been the procedure in this state since *Roe v.
Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109.   In
referring to a motion of this character, it was especially
pointed out in *Wagner v. Northern Life Ins. Co.*, 75 Wash.
106, 134 Pac. 685, that the motion there made followed the

signing and entry of formal judgment, and that the judgment there referred to was not the one which the clerk is directed to enter upon receipt of the verdict. It is also clearly pointed out in *Okazaki v. Sussman*, 79 Wash. 622, 140 Pac. 904, that the judgment there was a formal judgment signed by the judge and entered of record. The direction to the clerk to enter judgment immediately upon receipt of the verdict was to preserve the rights of a successful party in the fruits of his judgment. It was not intended, however, to cut off the rights otherwise vested in the losing party of moving against the judgment for insufficiency in law or fact.

I therefore dissent, and since my views call for an affirmance of the judgment, I express no opinion ·as to the other matters referred to in the majority opinion.

MOUNT and CROW, JJ., concur with MORRIS, C. J.