[No. 12325.   Department One.   January 7, 1916.]

JAMES CARKONEN, *as Administrator etc., Appellant,* v.

COLUMBIA & PUGET SOUND RAILROAD COMPANY,

*Respondent.*[1]

JUDGMENT—NOTWITHSTANDING VERDICT — MOTION — TIME FOR.   A motion for judgment notwithstanding the verdict comes too late when not made until after the clerk has entered judgment on the verdict in compliance with Rem. & Bal. Code, § 431.

Appeal from a judgment of the superior court for King county, Humphries, J., entered March 24, 1914, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death.   Reversed.

*Brady & Rummens,* for appellant.

*Farrell, Kane & Stratton* and *Stanley J. Padden,* for respondent.

ON PETITION FOR REHEARING.

PER CURIAM.—Original opinion, 86 Wash. 473, 150 Pac. 1162.   Respondent has applied for rehearing *En Banc,* and urges, among other things, that the motion for judg-

[1]Reported in 154 Pac. 123.

ment notwithstanding the verdict was granted before the decision of this court in *Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490, which was decided August 14, 1914, while the notice of appeal herein was filed June 15, 1914. We make this additional statement in justice to counsel for respondent, that it may not appear that the making of the motion at such time was a careless oversight of a question of practice on the part of counsel.

It is also urged that we should have followed the precedents set in *Pierce v. Seattle Elec. Co.*, 83 Wash. 141, 145 Pac. 228, and *Boyce v. Chicago, Milwaukee & Puget Sound R. Co.*, 82 Wash. 204, 144 Pac. 27, decided after the *Forsyth* case, in which cases we, for the time, suspended the operation of the rule established in the *Forsyth* case, because of the fact that the practice condemned by the *Forsyth* decision had not always been understood and the cases cited were pending when the *Forsyth* case was decided. Such was true in this case also. But the great number of such cases coming here has impelled us to adhere to the rule established by the *Forsyth* case; otherwise the continual exceptions would require endless distinguishing decisions, or result only in additional confusion. Hence, we have decided to hereafter in all cases hold to the rule adopted in the *Forsyth* case.