[No. 18197. Department Two. December 6, 1923.]

## NATHAN FOX, *Appellant*, v. FRED ANDERSON, *Respondent*.[1]

TRIAL (141)—VERDICT—SPECIAL FINDINGS—CONFLICT WITH GENERAL VERDICT. A general verdict for plaintiff in an action for false representations in the sale of a grocery business, is not inconsistent with special findings to the effect that the false representations were made and relied on, and that plaintiff lost $11.18 per day for 102 days in operating the store before he discovered that it could not be run except at a loss, and that he suffered no loss for closing up the business, where the court instructed the jury that, if they found for plaintiff, they could include damages for expenses reasonably and necessarily incurred during the time he operated the store.

TRIAL (63)—PROVINCE OF COURT AND JURY—JUDGMENT NON OBSTANTE. The court should not determine the weight of the evidence and grant a judgment *non obstante*, where there was a sharp conflict and it cannot be said that there was no evidence to support the verdict.

Appeal from a judgment of the superior court for King county, Truax, J., entered April 6, 1923, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for fraud. Reversed.

[1]Reported in 220 Pac. 771.

*Winter S. Martin* (*George McKay,* of counsel), for appellant.

*H. E. Foster,* for respondent.

PEMBERTON, J.—The appellant instituted this action for the recovery of damages against respondent for alleged false representations in the sale of a grocery business. The answer denies the material allegations of the complaint. The case was tried before a jury. At the close of the testimony of the appellant, respondent asked for a nonsuit. The court denied the motion and respondent introduced his testimony. After the introduction of all the testimony, the respondent by motion again challenged the sufficiency of the evidence, which was denied.

The jury answered certain interrogatories as follows:

"Interrogatory No. 1: Were any representations about the business made by defendant to plaintiff concerning then existing or past facts which were untrue?

"Answer: Yes.

"Interrogatory No. 2: If so, did plaintiff rely upon them, or did he make an independent investigation and satisfy himself as a result thereof? Or did he act on his own judgment without relying on anything else?

"Answer fully: Yes, relied on statements made him by defendant.

"Interrogatory No. 3: If you find for plaintiff, how much, if anything, do you award him on account of disbursements and expenses reasonably and necessarily incurred, if any, in operating the store until he discovered the business could not be run except at a loss, provided you find that he did make any such discovery?

"Answer: $11.18 per day for 102 days lost in operating business.

"Interrogatory No. 4: If you find for plaintiff, how much, if anything, do you award him on account

of liquidating or closing up the business, if you further find the business was closed up by him?

"Answer: None."

The jury rendered a verdict in favor of appellant in the amount of $1,140.36.

The respondent thereafter filed a motion for a new trial, and also a motion for judgment notwithstanding the verdict. The court granted the motion for judgment and entered an order dismissing the action, from which this appeal is taken.

The only question involved in this case is whether or not there was competent evidence introduced in support of the complaint of the plaintiff.

The testimony offered on the part of the appellant supports the contention that false representations were made concerning the value of the grocery business and that appellant believed they were true and relied upon them at the time of the purchase.

The court instructed the jury that:

"If you find from the evidence that false representations were made to plaintiff upon which he relied and that he was deceived thereby . . . you should award to him as a part of your verdict any expenses and disbursements reasonably and necessarily incurred during any time he operated the store . . ."

It is contended that the special findings are in conflict with the general verdict. Under the facts and the instruction of the court we cannot so hold.

Respondent contends that "purchasers are required to rely upon their own observations and that, when such alleged representations relate to the quality of articles and the value of business, the accuracy of which statements could be determined by inspection, a purchaser must be held to have relied on his own observations and not on the statements."

According to the answer of the jury to interrogatory

No. 1, respondent made untrue representations to appellant concerning existing or past facts. There is a sharp conflict in the testimony upon this point. We cannot say, as a matter of law, that there was no evidence to support the verdict of the jury. It is not for the court to determine the weight of the evidence. *Auwarter v., Kroll,* 79 Wash. 179, 140 Pac. 326; *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490. It was error for the court to grant a judgment notwithstanding the verdict.

The judgment is reversed, and the case remanded with directions that the trial court pass upon the motion for a new trial.

MAIN, C. J., MITCHELL, and FULLERTON, JJ., concur.

BRIDGES, J., concurs in the result.