[No. 5832.  Decided February 2, 1906.]

## FRANCIS J. ROE, *Appellant,* v. STANDARD FURNITURE COMPANY, *Respondent.*[1]

TRIAL — PRACTICE — JUDGMENT NON OBSTANTE VEREDICTO — STATUTES—CONSTRUCTION.  Under Bal. Code, § 6521, providing that the supreme court may direct the proper judgment to be entered, and § 5056, providing that the trial court shall consider alleged error on motions for a new trial or for judgment notwithstanding a verdict, it is competent for the trial court, after a verdict for the plaintiff, to entertain a motion by the defendant for judgment *non obstante veredicto*, and to grant the same where it appears that the plaintiff has no possible right to recover.

MASTER AND SERVANT—COLLISION OF FURNITURE VANS—CONTRIBUTORY NEGLIGENCE.  The driver of a one-horse delivery wagon, injured in a collision with a heavy furniture van, which was backing up to the curb, is guilty of contributory negligence precluding a recovery, where it appears that he was, in the day time, driving along a wide street free from other obstructions, with his horse under control, and undertook, without reason or excuse, to drive between the curb and the large van, when as a careful driver he should have known that he could not do so, and when he might have stopped or passed in front.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 8, 1905, upon granting defendant's motion for judgment *non obstante veredicto,* dismissing an action for personal injuries sustained by a driver in a collision of furniture vans.  Affirmed.

*Vince H. Faben,* for appellant.

*Richard Saxe Jones,* for respondent.

CROW, J.—Respondent, the Standard Furniture company, a corporation, was, on February 27, 1903, engaged in the furniture business in the city of Seattle, and used eight delivery wagons of various kinds and sizes, for which it employed drivers.  Appellant, Francis J. Roe, employed by respondent, was the driver of a one-horse wagon, and was

1Reported in 83 Pac. 1109.

engaged in the occupation of delivering light furniture. One Hi Glass, of whom appellant complains, was also employed by respondent to drive a two-horse van or wagon, and deliver heavy furniture. In his complaint appellant made no reference to the fact that the relation of master and servant existed between respondent and himself, but alleged that on February 27, 1903, he was carefully driving a single team, consisting of a horse and wagon, on Madison street; that when he arrived at the intersection of Boylston avenue and Madison street, said large van, in charge of the agents and employees of respondent, was negligently, recklessly, and carelessly driven into, upon, and against the wagon in appellant's charge, with such force and violence as to wreck the same and throw appellant to the ground, causing him to sustain severe personal injuries; that said large van was controlled by a reckless and incompetent driver, and was operated by him in a reckless and incompetent manner, all of which was well known to respondent but unknown to appellant.

The answer denied said allegations of negligence, and pleaded the affirmative defenses of assumption of risk, negligence of a fellow servant, and contributory negligence, which defenses were denied by the reply. Upon the trial appellant made no attempt to show that Hi Glass, the driver of the van, was incompetent or that respondent had been negligent in employing him. At the close of the evidence respondent moved for a directed verdict, on the grounds, (1) that any negligence shown was that of appellant; (2) that if any other negligence was shown, which respondent denied, it was that of a fellow servant; and (3) that the case was one of assumption of risk on the part of appellant. The trial court denied the motion, and submitted the case to the jury, which returned a verdict in favor of appellant, assessing his damages at $3,000. Respondent immediately moved for a new trial, and by separate motion also asked for judgment notwithstanding the verdict, on the same grounds on which it had based its previous request for a directed verdict. The trial

court granted the motion for judgment, for the reason that, from the undisputed evidence, it appeared that appellant and Hi Glass were fellow servants. Thereupon judgment of dismissal was entered, from which this appeal has been taken.

In his assignments of error appellant has contended that respondent's motion for judgment notwithstanding the verdict should not have been entertained as it was not made in the manner or form required by law, and that the court erred in granting said motion after its prior denial thereof during the trial. In his argument appellant says:

"The motion for judgment *non obstante veredicto* was originally a motion for judgment upon the pleadings by the plaintiff, and at common law it was unknown for the defendant to share in this privilege. Originally, it was purely a motion by the plaintiff upon the record alone, and was a motion by the plaintiff addressed to the sufficiency of the defense, which, if admitted to be true, was no defense; and if the court upon investigation found the defendant's pleadings to be bad in form, but by amendment possibly could be made more complete, the court would order a repleader by the defendant; and this is the general rule today, where no statute is found to the contrary in the practice of the forum where the motion is made."

In support of this position appellant cites numerous authorities, including 11 Ency. Plead. & Prac., 917-921, on which he places special reliance, and further insists that no section of our code provides for a judgment *non obstante veredicto,* after a cause has been submitted to a jury and their verdict has been returned; that after verdict a defendant's only remedy is by motion for a new trial, and that the jury being the exclusive judges of the facts, when the evidence has once been submitted to them, the court can only grant a rehearing.

There is no doubt but that appellant's statement of the early common law rule is historically correct, but the practice in this state has been modified, and such modification is warranted by certain provisions of our code hereinafter men-.

tioned.   If the rule of practice contended for by appellant as pertinent to a motion for judgment *non obstante veredicto* be approved, then no available method would exist by which a trial court could correct its own mistake in erroneously submitting a case to the jury, other than that of granting a motion for a new trial, and such new trial would have to be granted even though it was indisputably apparent that a plaintiff had no possible right of recovery.   Bal. Code, § 6521, provides:

"Upon an appeal from a judgment or order  .  .  .  the supreme court may affirm, reverse or modify any such judgment or order appealed from, as to any or all the parties, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had  .  .  ."

Assuming that the trial court erred in denying respondent's motion for a directed verdict, if it had thereafter entered final judgment upon the verdict returned, this court upon an appeal based on proper assignments of error, would not only order a reversal, but would also direct a final judgment dismissing the action.   This being true, the trial court should be permitted to make the order without the necessity of an appeal.   Bal. Code, § 5056, after providing that this court on appeal may review orders, rulings, or decisions to which no exceptions need be taken, and also those to which proper exceptions have been taken, contains the following language:

"And any such alleged error shall also be considered in the court wherein or by a judge whereof the same was committed, upon the hearing and decision of a motion for a new trial, a motion for judgment notwithstanding a verdict, or a motion to set aside a referee's report or decision, made by a party against whom the ruling or decision to be reviewed was made, whether the alleged erroneous ruling or decision is a part of the record or not, where the alleged error, if found to exist, would materially affect the decision of the motion."

This court has repeatedly reviewed decisions of trial courts refusing to direct verdicts, and we are of the opinion that it

is the proper practice for a trial court, upon the hearing of a motion for judgment *non obstante veredicto,* to enter final judgment in favor of either party where it is warranted by the undisputed evidence. The facts being undisputed, it becomes the duty of the court to apply the law, there being no issue to submit to a jury. While the above rule of practice may not have been heretofore expressly announced by us, we have nevertheless in a number of cases put it into practical effect and recognized the principle above enunciated. *Larson v. American Bridge Co.,* 40 Wash. 224, 82 Pac. 294; *Dyer v. Middle Kittitas Irr. Dist.,* 40 Wash. 238, 82 Pac. 301; *Bancroft v. Godwin, ante* p. 253, 83 Pac. 189.

In *Larson v. American Bridge Co., supra,* the defendant challenged the sufficiency of the evidence, and moved for a dismissal of the action. This challenge being denied, a general verdict was returned in favor of the plaintiff, and special interrogatories submitted at the request of the defendant on the question of independent contractor were answered against the defendant's contention. A new trial being granted, the plaintiff appealed. This court having found that neither the general verdict nor the answers to the special interrogatories were supported by the evidence, speaking through Hadley, J., said:

"When ruling upon the motion for new trial, the court stated that, as there was no competent evidence whatever to sustain the findings, they would be set aside. The court was then convinced that it had misapprehended the evidence at the time respondent interposed its challenge thereto. Such was clearly the case, and it was not error to set aside the findings and also the general verdict. Respondent asks, inasmuch as the evidence shows no cause of action against it, that the cause shall be remanded with instructions to dismiss the action. We think this request should be granted. Respondent was entitled at the trial to have its challenge to the evidence sustained, and it is still entitled to it. *Bernhard v. Reeves,* 6 Wash. 424, 33 Pac. 873."

In *Dyer v. Middle Kittitas Irr. Dist.,* on a jury trial, the

plaintiff moved the trial court to discharge the jury, and render judgment in his favor, which motion being denied, a verdict was returned in favor of defendant. The plaintiff immediately moved for a new trial, and for judgment notwithstanding the verdict. Before the motions were passed upon, the motion for a new trial was withdrawn and the plaintiff's rights were submitted upon the motion for judgment, which the trial court denied, entering judgment upon the verdict. On appeal this court reversed the judgment of the trial court, and remanded the cause with directions to enter judgment for plaintiff for the amount due.

Was respondent entitled to a directed verdict and judgment of dismissal at the time defendant interposed its challenge to the sufficiency of the evidence? Without passing upon the defenses of fellow servant or assumption of risk, we think the final judgment was justified for the reason that appellant's evidence shows the accident to have been the direct result of his own negligence. Madison street, wide and well paved, running east and west, is intersected by Boylston and Broadway, parallel streets, running north and south one block apart, Broadway being east of Boylston. According to appellant's own evidence, he drove north on to Madison street from Boylston avenue, and proceeded east on the south side of Madison, traveling at a moderate gait, with his horse under full control. About the same time, Hi Glass, coming south on Broadway at a moderate gait, turned into Madison towards the west. Having a heavy piece of furniture to deliver at a house on the south side of Madison, a short distance from Broadway, he, Glass, drove directly across Madison and was in the act of backing his van up to the curb when the collision occurred. Without detailing the evidence, we find that appellant, without reason or excuse, attempted to drive between the large van and the curb, when as a careful driver he should have known he could not do so, and at a time when he, having full control of his horse, could either have halted or have driven out upon the street and passed in front of Glass's team

and van, there being no obstructions anywhere in the street. The accident occurred late in the afternoon, when appellant was making his last delivery, and he simply appears to have taken unnecessary chances in order that he might proceed more quickly to the completion of his day's labor. We fail to find any evidence showing negligence on the part of Glass. As said in *Larson v. American Bridge Co., supra,* respondent was entitled at the trial to have its challenge to the evidence sustained, and is still entitled to it. The trial court committed no error in sustaining respondent's motion *non obstante veredicto.*

The judgment is affirmed.

MOUNT, C. J., ROOT, RUDKIN, DUNBAR, FULLERTON, and HADLEY, JJ., concur.