[No. 7009.   Decided April 11, 1908.]

G. P. FISHBURNE, *Respondent*, v. R. ROBINSON, *Appellant*.[1]

JUDGMENTS—NOTWITHSTANDING VERDICT—TRIAL.   A judgment for
plaintiff notwithstanding a verdict for the defendant is properly
entered where the plaintiff's case was established and defendant's
evidence was too vague to constitute a defense.

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS.   The defendant
cannot claim prejudicial error in striking out parts of his answer
where he was not denied the right to introduce any matter consti-
tuting a defense whether included in the answer or not.

BILLS AND NOTES—DEFENSES—EVIDENCE—SUFFICIENCY.   In an ac-
tion upon promissory notes, bearing admittedly genuine signatures,
vague statements of the defendant that he could remember signing
but two notes, one with conditions not appearing on the face of the
notes in suit, are not sufficient to warrant a verdict for the defendant
or to constitute any defense.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered June 10, 1907, in favor of the
plaintiff, notwithstanding the verdict of a jury rendered in
favor of the defendant, after a trial on the merits, in an
action upon promissory notes.   Affirmed.

[1]Reported in 95 Pac. 80.

*Harry H. Johnston* and *Ralph R. Duniway*, for appellant.

*Ellis & Fletcher* and *G. P. Fishburne*, for respondent.

PER CURIAM.—The respondent sued the appellant to recover upon two promissory notes. The complaint averred the execution of the notes by the appellant, their delivery to the payees named therein, their indorsement by the payees and delivery to the respondent, their nonpayment by the appellant, and demanded judgment for the amount due thereon. The answer of the appellant was a general denial, and affirmative defenses to the effect that the notes had been materially changed and altered since their execution and delivery, that they were executed without consideration, and that they had been paid. The court, on respondent's motion, struck out certain parts of the answers on the ground that the matter alleged was immaterial and inconsistent with the general denials, and a trial was had before a jury on the remaining issues, resulting in a verdict for the appellant. The respondent thereupon moved for judgment notwithstanding the verdict, which motion the court granted, entering judgment for the full amount demanded in the complaint. From this judgment, this appeal is taken.

A large part of the briefs of counsel are devoted to questions of practice, and to rulings of the court with reference to the pleadings, but these questions we have not found necessary to discuss at length. That it is proper practice for the trial judge to enter a judgment *non obstante veredicto*, when the proceedings warrant it, is settled by the case of *Roe v. Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109, where the authorities are collated and discussed. The questions relating to the pleadings are moot questions in this court, as the trial court did not deny the appellant the right to introduce evidence on any matter constituting a defense, whether included in the pleadings as finally settled or not.

The only material inquiry is, did the facts testified to by the appellant constitute a defense? The trial court held that they

did not, and we are clear that the holding is correct. The evidence consisted of vague statements on the part of the appellant to the effect that he did not remember of signing but two notes payable to the payees named in the notes sued upon, and that on these notes one of the payees signed with him as maker. But this is too indefinite to overcome the presumptions arising from the face of the notes themselves, which show no such conditions and bear the admittedly genuine signature of the appellant. Without discussing the case further, therefore, we conclude that the judgment should be affirmed.

It will be so ordered.