[No. 7759. *En Banc.* November 5, 1909.]

SPOKANE GRAIN COMPANY, *Respondent*, v. GREAT NORTHERN EXPRESS COMPANY, *Appellant*.[1]

PLEADING—VARIANCE—FAILURE OF PROOF—AMENDMENTS. A verdict for plaintiff, in an action for the conversion of horses shipped by defendants' road, cannot be sustained upon evidence of a breach of defendants' contract of carriage, as against a motion for nonsuit or judgment *non obstante veredicto;* as amendments to conform to proof do not permit allegation of one cause and proof of an entirely different cause.

CARRIERS—OF LIVE STOCK—CONVERSION—BREACH OF CONTRACT—EVIDENCE—SUFFICIENCY. A carrier, removing from a car horses that had been burned and were suffering intensely, for the purpose of treatment and as an act of humanity, is not guilty of a conversion, although the removal was objected to by the shipper and there was conflict in the evidence as to whether they could have stood the balance of the trip.

TRIAL—DIRECTED VERDICT—PROVINCE OF COURT AND JURY. A verdict of dismissal *non obstante veredicto* may be granted where, under the facts, no possible recovery could be had.

CARRIERS—OF LIVE STOCK—CONVERSION—BREACH OF CONTRACT—VARIANCE. A verdict for plaintiff, in an action for conversion of horses, taken by defendant, a carrier, from the car during transportation, for the purpose of treatment for burns caused by a fire in the car, cannot be sustained on the theory of breach of the contract of carriage and negligence of the defendant in setting the fire, where the complaint was based solely upon the ground of conversion, the jury were instructed that it was immaterial whether the fire was negligently set by the plaintiff or defendant, and the evidence of negligence was admitted only upon the defendants' counterclaim for charges in treating and caring for the horses.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 30, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion. Reversed.

[1]Reported in 104 Pac. 794.

35—55 WASH.

*L. C. Gilman, B. O. Graham,* and *F. G. Dorety,* for appellant.

*Chas. D. Fullen,* for respondent.

MOUNT, J.—This action was commenced by the Spokane Grain Company, a corporation, against the Great Northern Railway Company, a corporation, to recover the value of two horses delivered to the defendant for shipment from St. Paul, Minnesota, to the plaintiff at Seattle, Washington. The plaintiff alleged that it had delivered fourteen horses to the defendant at St. Paul for transportation to Seattle, and while they were in defendant's possession, in a car furnished by it and en route to Seattle, the defendant, on June 11, 1907, at Spokane, Washington, wrongfully, illegally, wilfully, and against plaintiff's protest, removed two of the horses from the car; that it converted them to its own use, and failed to deliver them at Seattle as it had contracted to do. The defendant by its answer denied the alleged wrongful taking, and set up that the horses, when removed from the car at Spokane, had been severely burned about their forelegs, neck, and head by a fire in the car, which occurred during their transportation, and which resulted from the negligence of an attendant without any fault of the defendant; that the attendant was an employee of the plaintiff, and further alleged:

"That when said car containing said horses arrived at the city of Spokane, the two horses which were burned as aforesaid were suffering intense pain by reason of said burns, and on account of the painful manner, posture, and confinement rendered necessary by their transportation in said car; and said two horses could not have been transported from Spokane, Washington, to Seattle, Washington, without cruelly torturing said animals, or without transporting said animals in said car in a cruel and unnecessarily painful manner, posture, or confinement. . . . That defendant thereupon, for the purpose of giving such horses proper care and attention and proper medical and surgical attendance, and to avoid torturing or inflicting unnecessary suffering or pain

upon said horses, and to avoid transporting said horses in a cruel or unnecessarily painful manner, posture or confinement, removed said two horses from said car, and placed same in a suitable barn, and, exercising due care and prudence, procured a duly licensed and practicing veterinary surgeon to attend said animals. That plaintiff abandoned said animals at said time, and refused to provide necessary medical or surgical attention therefor, or to provide any care or attendance of any kind to relieve the suffering of said animals, or to cure the injuries inflicted by such fire."

The answer also alleged a counterclaim for expenses incurred in caring for the horses while in defendant's custody, and for carriage from St. Paul to Spokane. The plaintiff's reply, after admitting that the horses were burned, denied that their removal was necessary, or that plaintiff's negligence caused the fire, and alleged:

"That said horses were injured by reason of the failure of the defendant to properly equip and protect the car containing said horses from danger of fire which might be caused from the engine attached to the train of which said car was a part, in that a ventilator to said car immediately over the heads of the said horses was not protected with a proper screen and thereby the sparks from the engine attached to said train were caught and thrown in and upon the hay and feed necessarily carried in said car for said animals and thereby a fire occurred somewhat injuring said horses. That the defendant recognized its liability for the injury to said horses and did, against the protest and wishes of the plaintiff, make and convert the said horses to its own use at the city of Spokane aforesaid, and did wholly fail to transport and deliver to the plaintiff at the city of Seattle the said horses as the said defendant was under and by virtue of said contract and under and by virtue of its duties as a common carrier bound to do, as stated and set forth in the plaintiff's complaint. That the defendant elected to take said horses from said car and remove the same from the care and protection of the plaintiff and did assume against the wishes and protest of the plaintiff to appropriate said horses to the defendant's own use, and by so doing refused to transport said horses to the said city of Seattle and deliver the same to the plaintiff as said defendant was required to do."

At the close of the plaintiff's evidence, the defendant moved the court for a directed verdict, and at the close of all the evidence, requested the court to instruct the jury to return a verdict for the defendant. Both of these requests were denied. A verdict was returned in favor of the plaintiff for $360. Thereupon the defendant, without asking a new trial, interposed a motion for judgment *non obstante veredicto*, which was denied. From the final judgment entered on the verdict, this appeal is prosecuted.

We are of the opinion that the court should have directed a verdict at the close of the evidence, and should have sustained the motion for judgment of dismissal *non obstante veredicto*. It is plain, by both the pleadings and the evidence, that the basis of the action was the alleged unlawful conversion of the horses by the defendant. Plaintiff did not seek, either by its pleading or proof, to recover by reason of the negligence of the defendant or on account of a breach of contract of carriage. It relied wholly upon the alleged unlawful conversion of the horses by the defendant, and the case was tried upon that theory, and was by the court submitted to the jury upon that theory. It must be assumed, therefore, that the jury found as a fact that the defendant did unlawfully convert the horses to its own use, and for that reason rendered its verdict for the plaintiff.

We are mindful of the fact that, where a motion for a directed verdict or a verdict *non obstante* is made, we must to a certain extent examine the evidence to determine whether the plaintiff may recover upon the facts shown. But if there is substantial conflict in the evidence, we may not disturb the finding of the jury and will, if necessary, treat the pleadings amended to conform to the facts proved. This rule, however, must not be held to permit a plaintiff to allege one cause of action and prove an entirely different cause, wholly foreign to the one alleged. The defendant is entitled to know, and the complaint must inform him of, the character of the action the plaintiff bases his claim upon.

The evidence in this case is conclusive that there was no wrongful or unlawful conversion of the horses by the appellant. There is substantially no dispute upon this question. It is admitted that the horses, while being shipped in a car from St. Paul to Seattle, were badly burned by a fire which started in some hay in the car; that when the car arrived at Spokane the horses were suffering intense pain; their heads were swollen to twice their natural size, and their breathing was very difficult, so that the attendant in charge attempted to relieve one of the horses by inserting in its nostril a piece of rubber hose. Under these circumstances the officers of the appellant company believed it would be inhuman to permit the horses to continue the journey to Seattle. Because of that belief, the horses were taken from the car and detained at Spokane for treatment for their injuries, and for no other purpose. The respondent was informed and knew of the purpose for which the horses were detained. It is true that the officer or agent of the respondent in care of the horses objected to the appellant stopping them at Spokane, and there is disputed evidence to the effect that the horses could have been carried on to their destination without greater suffering than they endured. But this does not show, or even tend to show, that the stoppage of the horses in transit was either wrongful or unlawful. The removal of the horses from the car was simply an act of humanity to relieve their suffering. If the horses had been killed by the fire, and the appellant had removed the remains from the car at the time and place the injured horses were removed, certainly no action for wrongful or unlawful conversion could have been maintained thereon. For the same reason there was no such conversion in this case. The removal of the horses from the car, under the circumstances admitted in this case, was clearly a rightful act, done simply for the purpose of relieving the suffering animals, and not for the purpose of converting them to the use of the appellant.

Nor was there any such conversion. One of the horses

died from the effect of its injuries within a few days after it was removed from the car. The other was finally cured, and was shipped to its destination and offered to respondent, who refused to receive the animal. There is no evidence in the case, except the mere fact that the respondent objected to the removal of the horses from the car, indicating that there was any unlawful conversion of the horses by the appellant. This is clearly insufficient to show such conversion.

"Where there is no unlawful taking or exercise of dominion over a chattel, a conversion cannot be based on the fact that the defendant was negligent in regard to the care of the chattel, resulting in its destruction, nor can a conversion be based on the mere failure of the defendant to perform with regard to a chattel some affirmative act which he has by contract assumed; the remedy in such a case is an action on the case for negligence or an action for breach of contract." 28 Am. & Eng. Ency. Law (2d ed.), 682.

It is the rule that, if any possible recovery may be had under the facts, then no judgment *non obstante veredicto* may be granted. This rule was stated in *Roe v. Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109.

But it cannot be claimed that there was sufficient evidence in this case to show that the fire which injured the horses was caused by the negligence of the appellant, and therefore that the verdict may be allowed to stand. Evidence was introduced upon that question, but it was introduced solely upon the counterclaim of the appellant and limited by the court to that purpose. In his instructions to the jury the court said:

"You are instructed that in determining whether or not the defendant wrongfully removed said animals from said car or appropriated them to its own use, it is immaterial whether said fire was caused by reason of the negligence of the plaintiff or by reason of the negligence of the defendant, for the reason that the plaintiff bases its action against the defendant upon its claim that the defendant wrongfully removed said animals from said car and appropriated them to its own use. The question as to whether the fire originated by reason of the negligence of the plaintiff or by reason of the negli-

gence of the defendant is material only when the question of whether the defendant is entitled to recover from the plaintiff in this action on its counterclaim the charges for transportation of the animal which died at Spokane, from St. Paul to Spokane, and if the injuries which resulted in the death of said animal were caused by a fire which originated through the negligence of the plaintiff the defendant would be entitled to recover from the plaintiff the regular tariff rate for transportation of such animal from St. Paul to Spokane unless you should find from the evidence that the defendant wrongfully removed said animal from the car at Spokane."

It is plainly apparent, therefore, that the verdict of the jury was not based upon the question of negligence, but was based solely upon the alleged unlawful conversion, which was the theory upon which the action was brought and upon which it was tried. The respondent in its complaint avoided the question of negligence, and purposely refrained from bringing an action for breach of contract of carriage. This fact and the reason therefor is frankly stated in its brief as follows:

"The respondent might have brought a suit for damages to the two horses by reason of appellant's negligence in not having a proper ventilator and for allowing on its car such a ventilator as would permit sparks to enter the car. If respondent had brought such a suit it would have been met with the defense that the respondent could not recover more than $75 for each horse by reason of the limited liability rate."

It cannot, therefore, be claimed in this case that a recovery may be based upon the question of negligence, or upon any other question than the unlawful and wrongful conversion of the property, without asserting the rule that an action may be brought upon one theory, and trial and recovery had upon an entirely different and inconsistent theory.

In view of the fact that there was no substantial evidence of unlawful conversion of the horses by the appellant, the court should have granted the motion for a dismissal of the case. The judgment must, therefore, be reversed, and the

cause ordered dismissed without prejudice to the respondent's right, if any exists, to bring a proper action.

RUDKIN, C. J., PARKER, CHADWICK, MORRIS, DUNBAR, FULLERTON, and GOSE, JJ., concur.