(No. 2938.    March 8, 1924.)

## BACHECHI v. CITY OF ALBUQUERQUE

### SYLLABUS BY THE COURT.

1. Cities have power to issue bonds for the erection of a public library building therein.

2. Cities have no power to issue bonds for the improvement of its parks.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Maria Bachechi against the city of Albuquerque. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded, with directions.

Pearce C. Rodey, of Albuquerque, and Lura Turley, of Washington, D. C., for appellant.

H. B. Jamison, of Albuquerque, for appellee.

### OPINION OF THE COURT.

PARKER, C. J.  The city of Albuquerque, on August 29, 1923, adopted an ordinance calling for an election for the purpose of submitting to the voters of the city the proposition to incur a debt and issue bonds of the city for various purposes, among which were the following provisions:

> "(a)   There shall be issued negotiable bonds of the city of Albuquerque to the amount of $50,000 for the purpose of constructing a public library building in said city.
>
> "(e)   There shall be issued negotiable bonds of the city of Albuquerque to the amount of $75,000 for the purpose of making improvements in the various city parks of the city."

These propositions were duly submitted to the voters of the city at an elecion held October 2, 1923, and both were carried by the requisite majorities. On October 30, 1923, a complaint was filed in the district court of Bernalillo county by the appellant, seeking to enjoin the issuance by the city of the bonds which had thus been authorized by the result of said election. The action was based upon the proposition that there was no authority for the city to issue bonds for the purposes mentioned. The city filed a demurrer to the complaint, which demurrer was sustained and, the plaintiff electing not to plead further, the complaint was dismissed from which judgment this appeal was taken.

It was conceded by council, on argument, that, unless the city is shown to have statutory power to issue its bonds for given purposes, no such bonds can be issued, notwithstanding the city may have power to engage in the business within such purposes, and we will assume this to be correct without discussion.

[1]  1.  It was practically, if not actually, con-

ceded by counsel for appellant, upon argument, that the city has power to issue its bonds for the construction of a public library building, although a contrary position is taken in the brief. There can be no doubt, under the terms of the statute, that the city has such power. The power is traceable to sub-section 6 of section 3564, Code of 1915, which provides that the city council and board of trustees in towns shall have the following powers:

"Sixth. To contract an indebtedness on behalf of the city, and upon the credit thereof, by borrowing money or issuing the bonds of the city or town for the following purposes, to wit: For the purpose of erecting public buildings."

Subsection 67 of section 3564, Code 1915, also provides as follows:

"Sixty-Seventh. Any incorporated city, town or village in this state, having a population of at least one thousand, shall have power * * * to construct public buildings; * * * and shall have power to issue and sell bonds for the purposes herein mentioned."

It is apparent that cities like Albuquerque have express statutory power to erect public buildings and to issue their bonds for that purpose. Some little argument is made in the brief for appellant to the effect that subsection 83 of section 3564, Code 1915, perhaps may have some effect upon the bond issuing power of cities. That section provides:

"The establishment and maintenance of a free public library is hereby declared to be a proper and legitimate object of municipal expenditure, and the council or trustees of any city or incorporated town may appropriate money for the formation and maintenance of such a library, open to the free use of all its inhabitants, under proper regulations; * * * Provided, that the amount appropriated in any one year for the maintenance of such library shall not exceed one mill upon the dollar upon the assessed valuation of such city or town."

It is apparent that this section has no reference to the construction of a library building, but relates solely to the establishment and maintenance of the

library itself, that is, the books constituting the library, and provides for a levy each year to raise the funds therefor. It is clear, therefore, that the city of Albuquerque has power to issue its bonds for the erection of a public library building, it being conceded that a public library building is a public building within the meaning of the statutes above set out.

[**2**] 2. In regard to the issuance of bonds for the improvement of the city parks, an entirely different situation presents itself. That there is no express statutory authority for the issuance of such bonds is conceded by counsel for appellee. The argument put forward is that in a broad sense the park system of a city is a part of the street system, and, as such, may be included in a general scheme for the improvement of streets, for which there is ample authority to issue bonds of the city. This is a strained construction to put upon the statutes, and, in our opinion is not justifiable. In the enumeration of the powers of cities, section 3564, Code 1915, provides:

"The city council and board of trustees in towns shall have the following powers: * * * Seventh. 1. To lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, parks, and public grounds, and vacate the same, and to direct and regulate the planting of ornamental and shade trees in such streets, avenues and public grounds."

In this section the distinction is clearly made between streets and parks. Parks were evidently intended to be distinct agencies, conducive to the welfare of the city, from streets. Subsection 67 of section 3564, Code 1915, provides for a bond issue for the improvement of streets, and makes no mention whatever of public parks. The only provisions for the improvement and care of parks are contained in sections 3694 and 3702, Code 1915. The former provides for a tax of not to exceed one mill upon the taxable property within the city, and the latter provides for the issuance of certificates of indebtedness, payable within four

years from the date of the issue for work done by way of improvement of parks, and section 3703, Code 1915, provides for the making of a tax levy sufficient to pay the said certificate within the said four years, with interest. It was intimated, on argument, that these certificates of indebtedness were bonds in substance and effect, but the argument is not sound. Municipal bonds usually are for a long term of years, with provision in the law to pay the interest thereon and accumulate a sinking fund to retire the same. Certificates of indebtedness are short-term obligations, designed to be available in emergency matters, and are in no sense a bond as that term is used in the consideration before us. These are the only provisions of statute to which our attention has been called on this subject, and they clearly fail to grant authority to issue bonds for the improvement of city parks.

It follows from the foregoing that the judgment of the district court is erroneous, and should be reversed, and the cause remanded, with directions to overrule the demurrer of the city in so far as the same relates to the bond issue for park improvement, and to sustain the demurrer, as was done, as to the public library building bonds, and to proceed in accordance with this opinion; and it is so ordered.

BRATTON and BOTTS, JJ., concur.