[No. 30576.   Department One.   July 22, 1948.]

MIKE TONKOVICH, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 195 P. (2d) 638.

*Walthew & Gershon,* for appellant.

*The Attorney General* and *Theodore M. Ryan, Assistant,* for respondent.

SIMPSON, J.—Claimant sustained injury October 29, 1935, while engaged in extrahazardous employment. The accident occurred while he was laying steel on a bridge. He fell and fractured two bones in his right foot. The department of labor and industries recognized claimant's right to compensation, and paid him time loss for six months and twenty-seven days, and a lump sum for permanent partial disability.

July 27, 1945, claimant filed an application to reopen his claim because of an aggravation of condition. A medical examination was had and the application was denied by the supervisor. On rehearing by the joint board, the action of

the supervisor was sustained. Claimant then took an appeal to the superior court. Special interrogatories were submitted to the jury, and a verdict was rendered in favor of the claimant.

Claimant's request for additional compensation was based upon his contention that the injury had caused an arthritic condition of his spine, and that his abdomen had become diseased by the formation of carcinoma (cancer), which necessitated the removal of a segment of the large intestine and the wearing of a colostomy bag.

Answering special interrogatories, the jury found that plaintiff suffered an aggravation of his original injury, and that the aggravation or condition of his abdomen and bowel was caused by the injury, but that the arthritic condition was not due to any aggravation of his original disability.

Immediately after the verdict was rendered in favor of claimant, respondent moved for a judgment notwithstanding the verdict. The court granted the motion and dismissed the action. The claimant then presented this appeal.

Appellant makes the following assignments of error:

" (1) The trial court erred in setting aside a jury's verdict in favor of appellant based on submitted instructions, and dismissing the action, in the absence of any objection on the part of the respondent to any testimony or any challenge to the sufficiency of the evidence or any exception to any of the instructions.

" (2) The trial court erred in holding that there was no evidence in the record upon which the jury's verdict could stand."

The evidence given by appellant before the joint board was to the effect that he had not worked for anyone since March, 1942, at which time he underwent a stomach operation. Prior to the accident, he said, his stomach was in good condition; but immediately after, he commenced to be troubled with constipation.

Dr. Sol Levinson testified that he examined appellant on or about May 26, 1946, and took a complete history of the case. He found that appellant's disability in his abdomen probably could be due to the original injury, but that it

would be difficult to say just exactly what caused such a condition.

Claimant then called Dr. Norwood Clayton Riddle, his physician at the time of his injury, who testified that claimant's cancerous condition could not be attributed to the accident.

Respondent introduced the testimony of Dr. I. O. McLemore, who stated that he could not see any connection between the abdominal condition and the original injury.

During the trial, respondent did not object to the introduction of any of the testimony, nor did it except to any of the instructions given by the court. These instructions were the usual ones given in workmen's compensation cases. The most important instruction was No. 27, which reads in part as follows:

"The question for your determination is whether or not plaintiff's condition due to his accident on October 29, 1935 has become aggravated since June, 1936 and before July 27, 1945, and if so, to what extent. If you find that plaintiff has established by a fair preponderance of the evidence that plaintiff's condition has become aggravated since June 1, 1936 and before July 27, 1945 and that such condition was proximately caused by the accident of October 29, 1935, then you will so find by your verdict. If you believe from the evidence that plaintiff has not established aggravation by a fair preponderance of the evidence, between said dates as a result of the accident of October 29, 1935, you will so find by your verdict. If you find that plaintiff has suffered aggravation as heretofore mentioned, it will then be necessary for you to find the extent of such aggravation."

■■ Appellant's first contention is that the failure on the part of respondent to except to instructions precludes its right to object to a verdict which followed the instructions, this under the theory that the instructions became the law of the case and could not be questioned. However, it should be remembered that we are not considering a challenge to the law, but to the sufficiency of the evidence presented by the motion for judgment notwithstanding the verdict. The following language in *Kieburtz v. Seattle,* 84 Wash. 196, 146

Pac. 400, indicates the decision that we should make upon the present question:

"But it is said that the question whether or not this change in the work was a material or immaterial change was submitted to the jury as a question of fact without objection on the part of the contractors or claim on their part that it should be determined as a question of law, and that, since the jury returned a verdict against them on the question, they are now estopped from claiming that they are entitled to a judgment for the omitted work as matter of law. But we think our holdings have been heretofore contrary to this contention. In *Roe v. Standard Furniture Co.,* 41 Wash. 546, 83 Pac. 1109, we said that 'it is the proper practice for a trial court, upon the hearing of a motion for judgment *non obstante veredicto,* to enter final judgment in favor of either party where it is warranted by undisputed evidence.' We held to the same effect in the subsequent cases of *Fishburne v. Robinson,* 49 Wash. 271, 95 Pac. 80, and *Spokane Grain Co. v. Great Northern Express Co.,* 55 Wash. 545, 104 Pac. 794, and discussed the limitations upon the practice in *Wagner v. Northern Life Ins. Co.,* 75 Wash. 106, 134 Pac. 685; *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; and *Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326. It is true that in each of these cases, with the possible exception of the case of *Fishburne v. Robinson,* a motion for a directed verdict or a challenge to the sufficiency of the evidence had been interposed prior to the submission of the cause to the jury, but we cannot think the rule affected by this circumstance.

"If a judgment *non obstante veredicto* may be entered at all by a trial court, no substantial reason exists why it should be preceded by a preliminary challenge. In many, if not in a majority of instances, it is the better practice for the trial court to take the verdict of the jury before sustaining a motion for nonsuit or challenge to the sufficiency of the evidence, as in such instances a new trial may be avoided should the appellate court on an appeal disagree with the trial court as to the effect of the evidence. It is our opinion, therefore, that a party is not precluded from seasonably interposing a motion for a judgment notwithstanding the verdict by suffering the case to go to the jury on the facts without interposing a motion for nonsuit, a motion for a directed verdict, or a challenge to the sufficiency of the evidence."

The rule laid down in the above-cited case was approved

in *Perry v. Beverage,* 121 Wash. 652, 209 Pac. 1102, 214 Pac. 146.

It is the approved rule in this state that the parties are bound by the law laid down by the court in its instructions where, as here, the charge is approved by counsel for each party, no objections or exceptions thereto having been made at any stage. In such case, the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions and rules of law laid down in the charge. This rule does not apply if the record or evidence conclusively shows that the party in whose favor the verdict is rendered is not entitled to recover. No man should be allowed to recover in any case unless there is evidence to support his contention.

■ The next question to be decided is whether or not there was sufficient evidence to justify the verdict of the jury. Where an application is made for the reopening of a claim because of aggravation, the sole question is whether the claimant's condition, so far as his injury has affected it, has become aggravated at the time of application.

"The burden rested upon respondent to show that the unfortunate condition of which he complained was the result of the injury which was the basis of his original claim against the department, and was not due to the ordinary progression of a disease from which he suffered independently of the injury." *Nagel v. Department of Labor & Industries,* 189 Wash. 631, 66 P. (2d) 318.

Inasmuch as appellant's case depends entirely upon the evidence given by Dr. Levinson, we deem it necessary to set out a considerable portion of his evidence given on direct and cross-examination.

"Q. Doctor what is your opinion as to what the cause of his abdominal condition was? A. Well, the history of that was that the patient had been given operative procedure since then, it probably could be due to the fact that he had this carcinoma condition develop at the time of the fall and it had been quiescent and it was—these symptoms have arisen since then and it could have been due to the original fall. Q. What is your opinion as to the causation? A. Well, my opinion is that it probably could, this all could have re-

sulted from the injury of 1935. Q. You state that it could have, what do—do you have any opinion as to whether it probably did or not? . . . A. I said it probably could have been due to the original fall. Q. You still use the expression it probably could have, what is your opinion as to what happened? . . . A. Well, it is very difficult to say just exactly the causation of this carcinomatous condition, but due to the history of the case and due to the timing of his symptoms it probably resulted from the original fall. . . .

"Q. And his symptoms so far as his stomach and back are concerned have been continuous is that the idea? A. From the history. Q. Yes, since the accident. If I understand your statement is that you don't think that the accident caused this carcinoma do you doctor? A. It probably did, but there is no way of saying for absolutely sure that it did. Q. Well, of course, I mean, I take it that you have seen some patients, quite a few of them, haven't you, that have had this same condition, carcinoma of the stomach with no history of injury whatsoever, haven't you doctor? A. Yes, he has carcinoma of the sigmoid, not the stomach. Q. I mean, that is cancer of an area fairly common isn't it, without any injury of any kind having any connection with it? . . . A. It is not an uncommon area of carcinoma."

We cannot agree with the witness Levinson that the cancer was probably caused by the injuries resulting from the claimant's fall. It is quite true that courts must necessarily depend upon the evidence of experts in cases of this nature, because of the fact that the courts are not experts in medicine, lumbering, agriculture, mining, electricity, or any of the numerous activities of life, to the study of which, men and women devote their entire time. It is also true that questions of whether a given physical defect is attributable to, or caused by an impaired physical condition, must be determined from medical experts. *Eyer v. Department of Labor & Industries,* 1 Wn. (2d) 553, 96 P. (2d) 1115; *Radich v. Department of Labor & Industries,* 10 Wn. (2d) 107, 115 P. (2d) 1022; *Northwest Metal Products v. Department of Labor & Industries,* 12 Wn. (2d) 155, 120 P. (2d) 855.

However, courts cannot remain passive and approve statements made by experts on the witness stand which are

unmistakably erroneous. There is no basis whatever for the doctor's statement that the cancer was caused by the injury to the claimant's right foot. It is a fact universally known that the cause of cancer is unknown. Medical authorities without exception are of that opinion. Many authorities could be cited to this effect. It is necessary to cite but two. They are: Boyd, Text Book of Pathology (3d ed.), 289; Ewing, Causation, Diagnosis and Treatment of Cancer, pp. 32-36.

Our conclusion is supported by the holding of this court in *Boyer v. Department of Labor & Industries*, 160 Wash. 557, 295 Pac. 737. In that case, we held that the burden of overcoming the *prima facie* presumption of the correctness of the department's decision denying an injured workman's claim for total disability, is not overcome where it appears that, following a bruise on the foot, the claimant suffered from chronic lymphatic leukemia, the cause of which is unknown.

We hold that there was not sufficient evidence to justify the verdict of the jury, and, for that reason, affirm the judgment of the trial court.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.

---

September 13, 1948. Petition for rehearing denied.