[No. 31301. Department Two. October 19, 1950.]

J. W. LARSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Appellants.*[1]

[1]Reported in 223 P. (2d) 207.

*The Attorney General* and *Jack Rowles, Assistant,* for appellant department of labor and industries.

*L. B. Donley,* for appellant Anderson & Middleton Lumber Company.

*Durham, Guimont & Durham,* for respondent.

GRADY, J.—This appeal has been taken by the department of labor and industries and Anderson & Middleton Lumber Co. from a judgment upon the verdict of a jury directing the department to reopen the claim of respondent and to adjudge him permanently and totally disabled.

On June 29, 1942, respondent sustained an abdominal injury which affected the muscular tissue and tendons in the region of the stomach. He was given an award of twenty-five per cent of unspecified permanent partial disability. In June, 1944, respondent sought to have his claim reopened upon the ground of aggravation. After a rather stormy career, the claim reached the superior court for Snohomish county for determination whether there had been an aggravation of the injury between January 31, 1945, and October 17, 1947. A jury found the condition of respondent due to his injury of June 29, 1942, had become aggravated between those dates and that as of October 17, 1947, he was totally and permanently disabled.

There is evidence in the record from which the jury could properly find and determine that the tendons which had been torn loose at the time of the injury had not been attached into their normal position and had retracted; that an examining physician had observed the presence of muscular spasms, and that the muscular tissue had become more atrophied and more useless and less susceptible to operational cure.

These constitute objective symptoms and afforded a basis for the opinion given by the testifying physician that there had been an aggravation of the permanent partial disability caused by the original injury. The evidence was substantial, and if believed by the jury, was sufficient to support the verdict and met the tests prescribed in such

cases as *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973; *Karlson v. Department of Labor & Industries*, 26 Wn. (2d) 310, 173 P. (2d) 1001; *Hastings v. Department of Labor & Industries*, 24 Wn. (2d) 1, 163 P. (2d) 142; *Larson v. Department of Labor & Industries*, 24 Wn. (2d) 461, 166 P. (2d) 159; *Solberg v. Department of Labor & Industries*, 25 Wn. (2d) 156, 169 P. (2d) 701, and *Spalding v. Department of Labor & Industries*, 29 Wn. (2d) 115, 186 P. (2d) 76.

The appellants contend there was no proof made of loss of earning capacity beyond that which existed prior to January 31, 1945, and hence respondent's disability had not been aggravated. They base their argument upon testimony given by respondent in prior hearings that he was unable to work, and call our attention to cases defining "disability" as used in the workmen's compensation act to be:

". . . impairment of the workman's mental or physical efficiency. It embraces any loss of physical or mental functions which detracts from the former efficiency of the individual in the ordinary pursuits of life. It connotes a loss of earning power."

This testimony was not accepted by the department, and no award was made on that basis. There never has been a final determination that such was the fact until the jury in the present case found total and permanent disability existed on October 17, 1947.

The appellants urge that the testimony of the physician called by respondent was of such a character as compared with that given by the physician called by the department as to come within the following observation made by this court in *Tonkovich v. Department of Labor & Industries*, 31 Wn. (2d) 220, 195 P. (2d) 638:

"However, courts cannot remain passive and approve statements made by experts on the witness stand which are unmistakably erroneous."

We have read the testimony of the two physicians with this thought in mind, but do not find the inherent improbability existing in that case to be here present. The

physicians disagreed in their findings and conclusions, but their credibility and the weight to be given their testimony was for the jury to determine.

The net result of what we have before us is that respondent's unspecified injuries sustained on June 29, 1942, became aggravated between January 31, 1945, and October 17, 1947, and that he has suffered an increased loss of bodily function to the extent that he has become totally and permanently disabled.

The judgment is affirmed.

BEALS, ROBINSON, MALLERY, and HAMLEY, JJ., concur.