**STATE of Maine**

v.

**Dale FENDERSON.**

Supreme Judicial Court of Maine.

Argued March 11, 1982.

Decided April 1, 1982.

Gene Libby, Dist. Atty. (orally), Deborah A. Buccina, Asst. Dist. Atty., Alfred, for plaintiff.

Willard, Kellis & Wood, George Wood (orally), Sanford, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

MEMORANDUM DECISION.

The defendant, Dale Fenderson, appeals from his conviction in Superior Court, York County, of aggravated criminal mischief (17–A M.R.S.A. § 805 (Supp.1981)). The defendant argues on appeal that the trial justice's failure to instruct the jury on accomplice liability constitutes obvious error requiring reversal of his conviction. He also challenges the sufficiency of the evidence of guilt presented at trial. We affirm the judgment.

Although the defendant did not request an instruction on accomplice liability or object to the instructions which were given, he now argues that the omission of accomplice instructions was prejudicial error. After carefully reviewing the record, we find that there was no error since the evidence did not generate the issue of accomplice liability.

The evidence established that the defendant and three companions were arrested by two police officers as they were driving away in a pickup truck from a private residence in York County less than fifteen minutes after the same officers had seen the same individuals in another location. The officers had found the house secure only twenty minutes before the arrest. When they returned to the house, one of the officers observed the pickup truck parked next to the house and unoccupied. The front door of the house was open and two adults were seen running past a window. One of the co-defendants testified that the group had gone to the house but had merely sat in the truck drinking beer and relieved themselves on the property, and had not heard or seen anything unusual. A piano, one of the few pieces of furnishings in the house, had sustained extensive damages of $2,500.00. Upon this evidence, we cannot say that it was irrational for the jury to conclude that the defendant and all his companions were participants in the aggravated criminal mischief. We find the evidence was sufficient to sustain the jury's verdict.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.