IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30485-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BILLY WAYNE DAVIS, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Billy Wayne Davis appeals his conviction and sentence for first degree robbery, arguing the State's evidence was insufficient to support the conviction in the absence of a jury instruction on accomplice liability. We agree and reverse the robbery conviction.

FACTS

During the early morning of August 20, 2010, Moses Sanders and Billy Davis entered a Family Mart store in Pasco, Washington. Mr. Sanders told the night cashier, Michael Acton, that "they were going to hold [Mr. Acton] up and [he] needed to cooperate." Report of Proceedings (RP) (Oct. 20, 2011) at 38. Mr. Acton then saw the barrel of what appeared to be a gun in Mr. Davis's jacket. Mr. Sanders followed Mr.

Acton to the cash register and took money from the till, while Mr. Davis urged Mr. Sanders to hurry. After Mr. Sanders and Mr. Davis left, Mr. Acton called the police, who arrested Mr. Davis and Mr. Sanders in a nearby park. During a search incident to arrest, police found $289 in Mr. Davis's pocket. Police officers also found a modified BB gun close to the car driven by Mr. Davis and Mr. Sanders.

At the close of the testimony, both parties submitted instructions. The prosecution did not submit or request an instruction on accomplice liability. In closing argument, the State argued that the evidence proved beyond a reasonable doubt that Mr. Davis took property from Mr. Acton against his will by threatened use of immediate force and, therefore, was guilty of robbery. The State did not argue accomplice liability in closing.

Mr. Davis was convicted as charged.

At sentencing, the State asked the court to impose a sentence under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981, ch. 9.94A RCW. Defense counsel indicated that she had nothing to argue that would "change the sentencing from mandatory to a not-mandatory term or to an alternative placement." RP (Dec. 13, 2011) at 9. The court sentenced him to life without the possibility of parole.

2

ANALYSIS

Mr. Davis contends that his right to due process was violated when the trial court accepted the jury's guilty verdict because there was insufficient evidence to convict him of first degree robbery. He maintains that because the jury was not instructed on accomplice liability, the State was required to prove principal liability, and there was no evidence that Mr. Davis himself took property from Mr. Acton. He contends, "[i]t violates the right to trial by jury for the court to impose punishment based on accomplice liability when the jury never considered that possibility or weighed its legal requirements." Appellant's Br. at 12.

The State responds that the law makes no distinction between principal and accomplice liability, and that "[t]he State need not ask a jury to decide who exactly participated in which specific elements of a crime, it is enough that the crime occurred and the defendant participated." Resp't's Br. at 8.

Due process requires the State to prove its case beyond a reasonable doubt. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983). Evidence is sufficient to support a conviction, if, viewed in a light most favorable to the jury's verdict, it permits any rational trier of fact to find the essential elements beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of

3

the State's evidence and all reasonable inferences drawn therefrom. *Id.* Reviewing courts defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence. *State v. Hernandez*, 85 Wn. App. 672, 675, 935 P.2d 623 (1997).

For the jury to find Mr. Davis guilty of first degree robbery, the State had to prove beyond a reasonable doubt that he (1) unlawfully took personal property from the person of another; (2) by the use or threatened use of immediate force; and (3) during the commission of the robbery, was (i) armed with a deadly weapon; (ii) displayed what appeared to be a deadly weapon; or (iii) inflicted bodily injury. RCW 9A.56.190, .200(1)(a).

The State is correct that criminal liability is the same whether one acts as a principal or as an accomplice. RCW 9A.08.020(1), (2)(c). Accomplice liability is not an element or alternative means of a crime. *State v. Teal*, 152 Wn.2d 333, 338, 96 P.3d 974 (2004). Principal and accomplice are, however, alternative theories of liability requiring different considerations, and although the State need not charge the defendant as an accomplice in order to pursue liability on that basis, the court must instruct the jury on accomplice liability. *State v. Davenport*, 100 Wn.2d 757, 764-65, 675 P.2d 1213 (1984); *State v. Jackson*, 137 Wn.2d 712, 726-27, 976 P.2d 1229 (1999); RCW 9A.08.020(3).

4

Significantly, here, if the jury is not properly instructed on accomplice liability, the State assumes the burden of proving principal liability. *State v. Willis*, 153 Wn.2d 366, 374-75, 103 P.3d 1213 (2005).

Citing *State v. Fenderson*, 443 A.2d 76 (Me. 1982), a brief decision from Maine that has not been cited as authority in any court, the State argues that an accomplice instruction was not needed in this case because the evidence did not generate the issue of accomplice liability, given that Mr. Davis and Mr. Sanders both entered the store and jointly committed the robbery. It argues, "[Mr. Davis], while not physically pulling the money out of the register, still obviously committed the robbery." Resp't's Br. at 8-9. It also argues that in the absence of showing manifest constitutional error, Mr. Davis is precluded from raising the issue of instructional error under RAP 2.5.

The State misstates the issue before us. Mr. Davis is not alleging instructional error; rather, he is arguing that the State failed to prove that he committed robbery in the absence of an accomplice liability instruction. Thus, the State's harmless error analysis is inapposite.

Moreover, *Fenderson* is inapplicable here. In that case, police arrested the defendant as he drove away from a house that had been recently damaged and, moments earlier, police had seen the defendant's unoccupied car parked at the house, which

permitted the rational inference that the defendant had participated in damaging the house. *Fenderson*, 443 A.2d at 77. The court held that the failure to give an instruction explaining the legal requirements of accomplice liability was not error because the evidence did not generate the issue of accomplice liability. *Id.* Unlike *Fenderson*, it is undisputed that Mr. Davis did not personally commit all the elements of robbery. Accordingly, an accomplice liability instruction was required.

Whether the evidence is sufficient to sustain a verdict under the jury instructions issued by the court is determined by the law as set forth in the instructions. *State v. Nam*, 136 Wn. App. 698, 705-06, 150 P.3d 617 (2007); *State v. Hickman*, 135 Wn.2d 97, 102-03, 954 P.2d 900 (1998).

> It is the approved rule in this state that the parties are bound by the law laid down by the court in its instructions[.] In such case, the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions and rules of law laid down in the charge.

*Tonkovich v. Dep't of Labor & Indus.*, 31 Wn.2d 220, 225, 195 P.2d 638 (1948). Because the trial court's "to convict" instructions were provided without objection, they become the law of the case. *State v. Hames*, 74 Wn.2d 721, 724-25, 446 P.2d 344 (1968).

Here, the court, without objection from either party, instructed the jury that to convict Mr. Davis, it must find he actually took the property. The "to convict" instruction, instruction 9, stated:

6

To convict the defendant of the crime of robbery in the first degree, each of the following six elements of the crime must be proved beyond a reasonable doubt:

(1)     That on or about August 20, 2010, the defendant unlawfully took personal property from the person or in the presence of another;

(2)     That the defendant intended to commit theft of the property;

(3)     That the taking was against the person's will by the defendant's use or threatened use of immediate force, violence, or fear of injury to that person;

(4)     That force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking;

(5)     That in the commission of these acts or in the immediate flight therefrom the defendant displayed what appeared to be a firearm or other deadly weapon; and

(6)     That any of these acts occurred in the State of Washington.

Clerk's Papers at 29.

By failing to include "or an accomplice" language in instruction 9 or otherwise instruct the jury on accomplice liability, the State was required to prove that Mr. Davis himself took property from Mr. Acton. *Willis*, 153 Wn.2d at 375.

Viewing the evidence in the light most favorable to the State, it fails to carry its burden. An essential element of robbery is the unlawful taking of property from a person. *Nam*, 136 Wn. App. at 704-05. This taking must occur in the presence of the person who has the ownership interest in the property. *State v. Tvedt*, 153 Wn.2d 705, 714-15, 107 P.3d 728 (2005). But Mr. Acton's testimony was clear: it was Mr. Sanders, acting as the principal, who took the money in the presence of Mr. Acton, while Mr. Davis aided him

7

by holding a gun. During closing, the only evidence cited by the court to establish the first element of robbery was that Mr. Davis was "caught right down the road here in the park with that property." RP (Oct. 24, 2012) at 104.

In the absence of evidence that Mr. Davis took property from or in the presence of Mr. Acton, the State failed to carry its burden of proving beyond a reasonable doubt an essential element of robbery. Where the State assumes the burden of proof on an element and we find that there is insufficient evidence on that element, we must reverse the conviction and dismiss with prejudice. *Hickman*, 135 Wn.2d at 103. Accordingly, we reverse. Given the disposition of this issue, we need not address Mr. Davis's remaining issues on appeal.

We reverse the robbery conviction, order the trial court to dismiss with prejudice, and vacate the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kulik, J.

WE CONCUR:

Brown, J.

Siddoway, A.C.J.

8